## J. O. Pruitt et al. v. Glen Rose Independent School District Number One.

No. 6359. Decided July 17, 1935.
Rehearing overruled October 9, 1935.
(84 S. W., 2d Series, 1004.)

*E. T. Adams*, of Dallas, for plaintiffs in error.

Kugle who was exercising the functions of the office of tax collector for the school district by accepting and entering upon the duties of the incompatible office of sheriff and tax collector for Somervell County necessarily resigned his former office. Biencourt v. Parker, 27 Texas, 558; Odem v. Sinton Ind. Sch. Dist. (Com. App.), 234 S. W., 1090; 34 Texas Jur., 352.

Where an officer by implication resigns an office by accepting another office, he should not hold over until his successor qualifies and takes over the office so resigned. 34 Texas Jur., 373, sec. 31; State v. Valentine, 198 S. W., 1006; Lowe v. State, 83 Texas Crim. Rep., 134, 201 S. W. 986.

*Oxford & McMillan*, of Stephenville, for defendant in error.

On proposition that Kugle was at least a defacto officer, if not a de jure officer, in collecting the taxes for the school district. Kuhl v. Chamberlain, 21 L. R. A. (N. S.), 766; Graves v. M. Griffin O'Neill & Sons, 189 S. W., 778; 34 Texas Jur., 623, sec. 166.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

The facts in this case, involving liability of sureties on the bond of a defaulting tax collector, may be stated chronologically, thus:

One Perry Kugle, in the Democratic Primary held on July 28, 1928, received the nomination for Sheriff and Tax Collector of Somervell County and was thereafter, on November 5, 1928, elected to that office.

Having been theretofore, on October 23, 1928, appointed by the trustees of Glen Rose Independent School District No. 1, as Collector of Taxes for said independent school district, he on November 8, 1928 (three days after his election as Sheriff and Tax Collector) executed bond (which was accepted by the board of trustees) in the sum of six thousand dollars with J. E. Ward, J. O. Pruitt and R. S. Darnaby, as sureties, payable to the board of trustees of the district and their successors in office, conditioned that "Whereas the said Perry Kugle was on the _____ day of October, 1928, duly appointed to the office of tax collector for said Glen Rose Independent School District in Somervell County, Texas, now, therefore, if the said Perry Kugle shall faithfully perform and discharge all of the duties required of him by law as tax collector for said district, aforesaid, and shall pay over as the law directs all monies coming

into his hands belonging to the said district to the persons legally authorized to receive the same, then this obligation to be void, otherwise to remain in full force and effect." On the same day Kugle took the oath to faithfully and impartially discharge and perform all the duties incumbent upon him as tax collector for said district, according to the best of his skill and ability and agreeably to the constitution and laws of the United States and of this state, and immediately entered upon discharge of the duties of said position and collected the taxes for said district from that date until April 30, 1931, during which time he defaulted in the sum of $635.25, amount of taxes after allowing all due credits and commissions, collected by him and not accounted for to said district, its trustees, treasurer or depositary nor to any other person legally authorized to receive the money.

On January 1, 1929, Kugle took the oath of office and made the bond required by law, as the Sheriff and Tax Collector of Somervell County and entered upon the duties of that office; he was elected to succeed himself in the Fall election of 1930, and on or about January 1, 1931, again took the oath of office and entered into bond with sureties, as required by law, for the faithful performance of the duties of that office, which he continued to perform, actually doing so at the time of this trial in the district court.

The district was incorporated under the law as an independent school district long prior to November 8, 1928, and had elected to assess and collect its own taxes; the Board of Trustees had for the years 1928 to 1931, both inclusive, levied and caused a maintenance tax upon the taxable property within the district, to be assessed; the Board had an assessor of taxes separate and apart from the tax assessor of Somervell County for said years, and the property within the district was for said school purposes assessed at a higher valuation than was the same property assessed for state and county purposes by the County Assessor of Somervell County.

Suit was brought by the district, on August 24, 1931, against Kugle and the sureties on his bond to the district; by amended petition filed on September 14, 1931, the district claimed a balance due, amounting to $1,192.09. The defalcations occurred after Kugle assumed the office of Sheriff and Tax Collector of Somervell County. Trial by the court, a jury having been waived, resulted in judgment on September 17, 1931, for the district in the sum of $635.25, with legal interest from April 30, 1931, which, upon appeal by the sureties,

was affirmed by the Court of Civil Appeals. 50 S. W. (2d) 375.

### OPINION.

This district, as provided by Articles 2758 and 2792, Rev. Stat., 1925, exercised the power to levy and collect its own taxes and to have its own assessor and collector therefor, which gave it the authority to assess property within its limits at a greater value than as assessed for state and county purposes.

The duties of the collector of the district in question extended only to the collection of taxes due the district as fixed by the assessment rolls made by the assessor of the district.

The Sheriff and Tax Collector of Somevell County collects the taxes for state and county purposes, which under the statute (Art. 7254, Rev. Stat., 1925) prescribing his duties, may include those for "school, poor house or other purposes"— these based upon the assessment rolls or books of the county (Art. 7253, Rev. Stat., 1925).

The record here contains no statement of facts, only the findings of fact and conclusions of law by the trial court, who concluded as a matter of law that although the district taxes were assessed by a special assessor of the district, *they were collected only by the County Tax Collector* and in law he had the right to collect the same, though they were assessed at a greater value than assessed for state and county purposes, citing Art. 2792, Rev. Stat., 1925. There is no finding of fact on which that conclusion of law might be based, and nothing to show that a majority of the board of trustees of the district ever preferred—in the language of said Art. 2792, Rev. Stat., 1925—to have the taxes of their district assessed and collected by the county assessor and collector, or collected only by the county tax collector. The Court of Civil Appeals overturned this finding and held that Kugle did not act as county collector in collecting district taxes, but as collector of the district, the duty of collecting the district taxes never having been assigned to the county tax collector.

If in collecting the district taxes, he acted as county tax collector, necessarily plaintiffs in error are not liable for his defalcations, as such, because they never executed the bond prescribed for county tax collectors. Their liability, if any, is purely because of their suretyship on an entirely separate and different bond, viz:—of the district tax collector.

■ Here, we have two separate taxing bodies with two separate assessing officers and two separate tax collectors, their duties separate and distinct. Avery v. Cooper, 107 Texas, 483, 180 S. W., 734; Miller v. Vance, 107 Texas, 485, 180 S. W., 739.

The Court of Civil Appeals correctly held that the tax collector of this particular district and the tax collector of the county are therefore two separate and distinct offices, each of emolument (Odem v. Sinton Ind. School District (Com. App.), 234 S. W., 1090; Jenkins v. Autry, 256 S. W., 672), and when Kugle qualified as county tax collector he automatically forfeited his right to the office of collector for the school district, because the holding of both said offices at the same time by the same person is within the prohibition of Art. 16, Sec. 40, of our state constitution.

■ If a person holding an office is elected or appointed to another (where the two offices can not be legally held by the same person) and he accepts and qualifies as to the second, such acceptance and qualification operate, ipso facto, as a resignation of the former office. The State v. Brinkerhoff, 66 Texas, 45, 17 S. W., 109; Biencourt v. Parker, 27 Texas, 562; Mechem Pub. Officers, Sec. 429.

Therefore, the term of office as district collector ended automatically on January 1, 1929, when the term as county tax collector began, and the obligation of the district collector's sureties likewise ended as to his future acts as such, unless the term as district collector continued, notwithstanding, because of Art. 16, Sec. 17, of the Constitution, which states that all officers within this state shall continue to perform the duties of their officers until their successors shall be duly qualified.

It is argued that Kugle remained at least the *de facto* collector for the district and the liability of his sureties continued even after he became county tax collector and had therefore ceased being the *de jure* district collector.

In Odem v. Sinton Ind. School District, 234 S. W., 1090, one G. L. Cellum, city assessor and collector of the City of Sinton, was selected by the school board to assess and collect taxes for the school district. He undertook to assess the taxes in the district. Proceedings were begun by certain taxpayers of the district to enjoin the collection of the school tax. Cellum never took the oath or gave bond as district assessor and collector, being doubtful whether he could hold both offices, the Attorney General in the meantime having ruled he could not hold both offices at the same time. Presiding Judge Taylor

of the Commission of Appeals, said: "It is clear that Cellum could not hold his offices as city assessor and collector and at the same time as *de facto* assessor and collector of the school district. The Constitution prohibits the holding and exercise of two such offices. Sec. 40, Art. 16. He could not hold or exercise both offices in either a *de jure* or *de facto* capacity."

The text, 34 Texas Jur., 354, Sec. 19, summarizes the rule, thus: "Having elected to accept and qualify for the second office, *ipso facto* and as a matter of law, he vacates the first office. This is true, where both offices are places of emolument, regardless of whether they are incompatible, and if they are incompatible there is a vacation of the first office regardless of whether both are offices of emolument within the meaning of the Constitution. In such circumstances the constitutional provision that all officers shall continue to perform the duties of their offices until a successor has been qualified does not apply."

In Lowe v. State, 83 Texas Crim. Rep., 134, 201 S. W., 986, the district judge went on the payroll of the federal government. It was contended that he continued in office until his successor might qualify because of Art. 16, Sec. 17, of the Constitution. This contention was rejected, the court stating that Sec. 12 of said article controlled.

In State v. Valentine, 198 S. W., 1006, Valentine, member of the legislature, accepted and qualified for the office of judge of the County Court of Tarrant County for civil cases, without resigning his membership in the legislature. The point was made that under Art. 16, Sec. 17, he held the legislative office until a successor might be chosen and qualified, therefore his assumption of the office of County Judge for civil cases—an incompatible office—was void. The court held that his acceptance of the judgeship vacated his office as a representative in the legislature, though no successor to his legislative office had qualified.

■ We therefore reject the contention that liability of Kugle's sureties on the district bond continued after he qualified as county tax collector, for acts thereafter committed.

Finally, it is argued, that the bond is good as a common law obligation, inasmuch as the bond was voluntarily entered into, although no recovery can be had on it as a statutory bond.

We think it is a statutory bond required by Art. 2791, Rev. Stat., 1925, but whether it be treated as one or the other, it

ceased upon Kugle's vacation of the office of district collector: It is based upon the fact of Kugle's exercising the duties of the office, and the liability of the sureties is dependent upon the conditions of the bond. 34 Texas Jur., p 570, Sec. 135. When the bond was given, Kugle was district collector *de jure;* when his defalcations occurred he was neither a *de jure* or *de facto* officer: 34 Texas Jur., p. 581, Sec. 143.

The judgment against Kugle is affirmed, that against J. E. Ward, J. O. Pruitt and R. S. Darnaby, as sureties, is reversed and here rendered in their favor.

Opinion adopted by Supreme Court July 17, 1935.

Rehearing overruled October 9, 1935.