

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXX~~ON
ATTORNEY GENERAL

Honorable Sam A. Hough, Jr.
County Attorney
Edwards County
Rocksprings, Texas

Dear Sir:

Opinion No. 0-1801
Re: Whether delinquent taxes of
Rocksprings Independent School
District draw a penalty and in-
terest in the same amount and
manner as delinquent State and
county taxes, and if so, does
the Board of Trustees of said
Independent School District have
authority to diminish, remit or
suspend such penalties and in-
terest.

By your letter of December 28, 1939, you submit for the
opinion of this Department the following questions, which we
quote from your letter:

"The Rocksprings Independent School District
is a district having more than 150 scholastics,
with a separate depository and assessing and col-
lecting taxes through the County Assessor and Col-
lector, using county valuations.

"At your convenience I will appreciate your
opinion in reference to the following questions:

"1. Do delinquent taxes of the district,
under the law, draw penalty and interest in the
same amount and manner as delinquent state and
county taxes?

"2. In the event you determine that delin-
quent school district taxes draw penalty and in-
terest as do delinquent state and county taxes,
then I will thank you to advise whether or not the
Board of Trustees of the district has any discre-
tion or option in reference to the matter, that is
to say whether or not the Board of Trustees can
diminish, remit or suspend such penalty and inter-
est?"

We find no statutes relating to the subject of taxation, generally, or to independent school districts, particularly, fixing the amount and time of accrual of penalties and interest on delinquent taxes of independent school districts.  Article 7336, as amended, Vernon's Annotated Civil Statutes, is the statute fixing the time and manner for the payment of taxes in general, and the penalties and interest to accrue in the event such taxes are not paid in the time and manner provided. Said statute appears to be comprehensive in its scope, referring as it does to "all poll taxes and all ad valorem taxes, " but by reason of certain language therein contained, we have reached the conclusion that said statute was intended to apply only to those taxes appearing annually upon the general tax rolls of the county, including State, county and common school district taxes, and, in some instances hereinafter discussed, independent school district taxes.

Article 7336, Vernon's Annotated Civil Statutes, fixes a due date "before the first day of July of the year next succeeding the year for which the return of the assessment rolls of the county are made to the Comptroller of Public Accounts."  It further provides as follows:

"(e)  The Assessor and Collector of Taxes shall, as of the first day of July of each year for which any State, county and district taxes for the preceding year remain unpaid, make up a list of the lands and lots and/or property on which any taxes for such preceding year are delinquent, charging against the same all unpaid taxes assessed against the owner thereof on the rolls of said year.

"Penalties, interest and costs accrued against any land, lots and/or property need not be entered by the Assessor and Collector of Taxes on said list, but in each and every instance all such penalties, interest and costs shall be and remain a statutory charge with the same force and effect as if entered on said list, and the Assessor and Collector of Taxes shall calculate and charge all such penalties, interest and costs on all delinquent tax statements or delinquent tax receipts issued by him.

"Said list shall be made in triplicate and presented to the Commissioners' Court for examination and correction, and after being so examined and corrected said list in triplicate shall be approved by said Court.  One copy thereof shall be filed with the County Clerk or Auditor, one

copy retained and filed by the Assessor and Col-
lector of Taxes, and one copy forwarded  to the
Comptroller with the annual settlement report of
the Assessor and Collector of Taxes.  Said list,
as compiled by the Assessor and Collector of
Taxes, and corrected by the Commissioners' Court,
or the rolls or books on file in the office of
the Assessor and Collector of Taxes, shall be
prima facie evidence that all the requirements
of the law have been complied with by the officers
of courts charged with any duty thereunder, as to
regularity of listing, assessing, and levying all
taxes therein set out, and that the amount assessed
against said real estate is a true and correct
charge.  If the description of the real estate
in said list or assessment rolls or books is not
sufficient to identify the same, but there is a
sufficient description of the inventories in the
office of the Assessor and Collector of Taxes, then
said inventories shall be admissible as evidence
of the description of said property.

"The Comptroller of Public Accounts shall
prescribe suitable forms to be used by the
Assessor and Collector of Taxes for noting there-
on the payment of taxes in semi-annual install-
ments.  He shall also prescribe suitable forms
for receipts, reports and for any other purpose
necessary in carrying out the provisions of this
Act."

We submit that all of the foregoing provisions of Article
7336, Vernon's Annotated Civil Statutes, refer only to such
taxes as appear annually upon the general tax or assessment rolls
of the county, and therefore the penalty and interest provisions
of said Article apply only to such taxes as appear on such rolls,
and will not govern delinquent taxes of an independent school
district appearing upon the assessment or tax rolls of such in-
dependent district.  Under controlling statutes, not necessary
to here refer to, the only assessment roll of taxes, a copy of
which is required to be forwarded each year to the Comptroller
of Public Accounts, is the aforedescribed general tax roll pre-
pared by the county tax assessor, submitted to the Commissioners'
Court, sitting as a board of equalization, for review and assess-
ment, and delivered to the county tax collector for collection.
Taxes appearing upon the tax roll of an independent school dis-
trict, prepared by the district assessor, equalized by the dis-
trict board of equalization, and delivered to the district col-
lector could not be "the assessment roll of the county" referred
to in said Article 7336, Vernon's Annotated Civil Statutes.

Whether or not ad valorem taxes levied annually by the board of trustees of an independent school district upon the property of such district appears upon the general tax or assessment rolls of the county in which such district lies so as to be controlled, as to dates for payment of same, and penalties and interest thereon for failure to so pay, by the terms and provisions of Article 7336, Vernon's Annotated Civil Statutes, rests entirely within the discretion and will of the governing body of such independent school district. An independent school district can elect to assess and collect its own taxes by and through its duly appointed and acting district assessor, district board of equalization and district collector, and in such case will have the power and authority conferred by Article 2791, Revised Civil Statutes of Texas; Pruitt v. Glenn Rose Ind. Sch. Dist., 84 S.W. (2d) 1004; and, although there is no specific statute upon the subject, it is our conclusion that this power and authority would embrace the right of the board of trustees to fix the time for the accrual of ad valorem taxes of an independent school district, and appropriate penalties and interest on such taxes as become delinquent. Under Article 2791, Revised Civil Statutes, the power and duty of a board of trustees of an independent school district in the matter of the assessment and collection of school taxes of such district, including the fixing of penalties and interest on delinquent taxes, are referable to similar powers existing in the governing body of an incorporated city or town. Such city or town may provide, by ordinance, that municipal taxes shall become due and delinquent at a different time from general taxes. Eustis v. City of Henrietta, 37 S.W. 632. Moreover, Article 1041, Revised Civil Statutes, impliedly gives and Article 1175, Subdivision 9, Revised Civil Statutes, expressly vests in the governing body of cities and towns power to fix the amount of penalties and interest upon delinquent taxes. Articles 2784 and 2790, Revised Civil Statutes of Texas, provides that the board of trustees of an independent school district "shall have power to levy and <u>cause to be collected</u> the annual taxes etc." Therefore, we submit that in those instances where an independent school district has elected to assess and collect its taxes by its own officers, the board of trustees of such district have, under the foregoing statutes, the power and authority to fix the time for the accrual of such taxes and the amount and manner of collection of penalties and interest on delinquent taxes.

As an alternative to the foregoing, independent school districts may, under Article 2792, as amended, Vernon's Annotated Civil Statutes, by majority vote of the board of trustees of said district cause their taxes to be assessed and collected by the county assessor and collector, or collected only by the county tax collector. In the latter case, the same procedure with reference to penalties and interest would obtain as out-

lined above, because the independent school district would have its own assessment or tax roll which would be delivered to the county tax collector for action. But where such independent school district elects to have its taxes both assessed and collected by the tax officials of a county, using the same assessment values as that employed for county and state purposes, then such independent school district taxes would appear on the general tax or assessment rolls of the county along with State, county and common school district taxes, so as to bring into operation the penalty and interest provisions of Article 7336, as amended, Vernon's Annotated Civil Statutes, for the reasons hereinabove discussed. We assume from your letter that this latter procedure was followed by the Rocksprings Independent School District, and we accordingly answer your first question in the affirmative.

If this answer to your first question is the correct one, under the facts, then it necessarily follows that your second question should be answered in the negative. The amount of penalties and interest on delinquent taxes of Rocksprings Independent School District, being fixed by Legislative Act-- Article 7336, Vernon's Annotated Civil Statutes -- such penalties and interest could not be diminished, remitted or suspended by action of the board of trustees of said district. To the same effect are the following opinions of this Department: to Paul G. Grogan, County Attorney, Montgomery County, by Assistant Attorney General Clark C. Wren, of date September 11, 1936, to Roger C. Butler, Assistant County Attorney, Robstown, Texas, by Assistant Attorney General Earl Street of date August 8, 1935, and to Frank Wright, County Auditor, Bonham, Texas, by Assistant Attorney General H. L. Williford, of date August 1, 1938.

Trusting the foregoing satisfactorily answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Pat M. Neff, Jr.
Pat M. Neff, Jr.
Assistant

PMN:N:wc

APPROVE JAN 22, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman