

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 23, 1957.

Honorable Boyd Newman
County Attorney,
Grayson County,
Sherman, Texas.

Opinion No. WW 109

Re: Can the County Auditor
of Grayson County
legally approve a war-
rant payable to the
County Health Officer
for services acting in
such capacity while at
the same time acting
as duly elected and
qualified Mayor of the
City of Sherman, Texas,
and receiving a salary
therefor? And related
questions.

Dear Mr. Newman:

By letter of April 8, 1957, you have requested the
opinion of this office on the following questions:

1. "Can the County Auditor of Grayson County
legally approve a warrant as County Physician
for services acting in such capacity while at
the same time acting as duly elected and quali-
fied Mayor of the City of Sherman and receiving
a salary therefor?

2. "Can the Warrant for salary as County Physic-
ian be legally approved if the person acting in
such capacity as set out above rejects remunera-
tion from the City of Sherman for services per-
formed as Mayor of said city?

3. "If the governing body of the City of Sherman
changes the city ordinances and provides that no
salary shall be paid to the Mayor and this action
is done before the said County Physician is sworn
in, can he then be paid a salary as County Physic-
ian since no salary would then be forthcoming as
Mayor from the aforesaid city?"

We wish to thank you for the very able and helpful
brief which you forwarded for our consideration in connect-
ion with your request.

As pointed out in your brief, Article 4422, Vernon's Civil Statutes, provides for a County Health officer and contains a definition of said officer, and the caption thereof indicates that there shall be no County Physician. Article 4423, Vernon's Civil Statutes, specifies the manner of appointment of the County Health Officer, and further provides for his taking an oath, and sets forth the method of compensation for said officer.

We assume from your inquiry that the Commissioners' Court of Grayson County has provided for compensation to be paid to the County Health Officer and that the city charter and/or ordinances of the City of Sherman provides for the payment of compensation to the Mayor.

Article XVI, Section 40 of the Texas Constitution provides in part:

"No person shall hold or exercise, at the same time, more than one civil office of emolument, except that of justice of peace, county commissioner, notary public and postmaster . . ."

As pointed out in your brief, a municipal office, including that of Mayor, has been construed to be a civil office of emolument, so as to fall within the prohibition of Article XVI, Section 40 of the Texas Constitution. Thus, the constitutional prohibition against the holding of more than one civil office of emolument applies to the offices here under consideration, and precludes one person from simultaneously holding the offices of Mayor and County Health Officer. Attorney General's Opinions Nos. 0-518, V-1370, and 0-816. Any other opinions of this Department which may be contrary hereto are expressly overruled.

Your first question does not ask whether the same person may hold both offices, but only whether the County Auditor may approve a warrant for the services of the County Physician.

Article 16, Section 40 of the Constitution does not provide for prohibiting the payment of any compensation to a person who holds two offices of emolument. However, it is a well settled rule that, where a person holding one office accepts another office, he automatically vacates the first office. Pruitt v. Glen Rose School District, 126 Tex. 45; 84 S.W. 2d, 1004; 100 A.L.R., 1158.

If the County Health Officer accepts the office of Mayor, he automatically vacates his first office. Therefore, your first question is answered in the negative.

The fact that the Mayor may reject payment of his salary does not keep the office from being one of emolument. We,therefore, answer your second question in the negative.

If before the County Health Officer qualifies for the office of Mayor, the charter and/or city ordinances are legally amended so as to provide that the Mayor would not receive any compensation whatever, then he would not be holding two offices of emolument. However, this does not mean that he can hold both offices if they are incompatible.

Apart from the constitutional provisions recited herein, it is a fundamental rule of common law that one person may not, at the same time, hold two offices, the duties of which are incompatible. State v. Brinkerhoff, 66 Tex. 48; 17 S.W.109 (1886); Thomas v. Abernathy County Line Independent School District, 290 S.W.,152 (Tex. Comm. of App. 1927); Pruitt v. Glen Rose Independent School District, 84 S.W.2d, 1004 (Tex. Comm. App. 1935); Attorney General's Opinions Nos. 0-1071, V-1370, and V-242.

Article 4427, Vernon's Civil Statutes, prescribes the duties of a County Health Officer as follows:

> "Each county health officer shall perform such duties as have been required of county physicians, with relation to caring for the prisoners in county jails and in caring for the inmates of county poor-farms, hospitals, discharging duties of county quarantine and other such duties as may be lawfully required of the county physician by the commissioners court and other officers of the county . . . . He shall also be required to aid and assist the State Board of Health in all matters of local quarantine inspection, disease prevention and suppression, vital and mortuary statistics and general sanitation within his county;. . . and he shall aid said State Board at all times in the enforcement of its proper rules, regulations, requirements and ordinances, and in the enforcement of all sanitary laws and quarantine regulations within his jurisdiction."

Article 994, Vernon's Civil Statutes, provides:

> "The mayor shall be the chief executive
> officer of said corporation, and shall be
> active at all times in causing the laws and
> ordinances of said city to be duly executed
> and put in force. He shall inspect the
> conduct of all subordinate officers in the
> government thereof, and shall cause all negli-
> gence, carelessness and other violations of
> duty to be prosecuted and punished. He
> shall have power, if in his judgment the good
> of the city may require it, to summon meetings
> of the city council; and he shall communicate
> to that body such information and recommend
> such measures as may tend to the improvement
> of the finances, the police, health security,
> cleanliness, comfort, ornament and good gov-
> ernment of said city."

The generally accepted test of incompatibility of
offices is clearly set forth in Knuckles v. Board of
Education of Bell County, (Ky), 114 S.W.2d. 511, 514,
as follows:

> "One of the most important tests as to
> whether offices are incompatible is found in
> the principle that the incompatibility is
> recognized whenever one is subordinate to the
> other in some of its important and principal
> duties, or is subject to supervision by the
> other, or where a contrariety and antagonism
> would result in the attempt by one person to
> discharge the duties of both. Under this
> principle two offices are incompatible where
> the incumbent of one has the power to remove
> the incumbent of the other, though the contin-
> gency on which the power may be exercised is
> remote, and it also exists where the incum-
> bent of one office has the power of appoint-
> ment as to the other office . . . . or to audit
> the accounts of another, or to exercise a
> supervision over another."

In attempting to ascertain whether the two offices
in question are incompatible, we must first determine
whether or not there might arise a conflict of discretion
or duty in respect to health, quarantine or sanitary regu-
lations.

Article 4425, Vernon's Civil Statutes, provides for the office of the City Health Officer; and Article 4430, Vernon's Civil Statutes, sets forth the duties of City Health Officer. Attorney General's Opinion No. O-816 states:

> "The statutes do not subordinate the position of city health officer to that of county health officer. They are parallel in importance, legal status, and scope of work outlined for the respective positions. Both offices are subject to the State Board of Health, rather than to each other or to the County Commissioners' Court."

Even though the duties of the respective offices do not overlap, Art. 1015, Vernon's Civil Statutes, provides for cooperation between the commissioners' court of the county and the municipality situated therein, in the issuance by the dual authority of joint sanitary regulations for the improvement of public health and promotion of efficient sanitation. In addition to this statutory provision, there exist instances in which the city health officer and county health officer exercise concurrent jurisdiction within the boundaries of the municipality under the direction of the State Board of Health in respect to quarantine, health and sanitary regulations.

Article 4419, Vernon's Civil Statutes, provides in part:

> "The State Board of Health shall have general supervision and control of all matters pertaining to the health of citizens of this state, as provided herein. . . . shall have direction and control of all matters of quarantine regulations and enforcement, and shall have full power and authority to prevent the entrance of such diseases from points without the State, and shall have direction and control over sanitary and quarantine measures for dealing with all diseases within the State and to suppress same and prevent their spread."

Article 4418d, Vernon's Civil Statutes, relates to the duties of the State Health Officer and provides in part:

> "He shall have the power, with the approval of the State Board of Health, to prescribe and promulgate such administrative rules and regulations not inconsistent with any law of the State, as may be deemed necessary for the effective performance of the duties imposed by this or any other law upon the State Department of Health and its several officers and divisions."

Under the above cited statutes, the State Board of Health is given the power to exercise full direction and control of county health officers and may, therefore, order the County Health Officer to exercise the duties imposed upon him within the limits of any municipality located in said county. It is our opinion that even though a city health officer is performing the duties imposed upon him by statute within the City of Sherman, Texas, the County Health Officer may, nevertheless, perform the duties imposed upon him by Article 4427,Vernon's Civil Statutes, throughout the county, and within any municipality located therein, by virtue of Article 1015, Section 2, of Vernon's Civil Statutes, or by direction of the State Health Officer.

It is, therefore, our opinion that the County Health Officer has jurisdiction to perform his duties as prescribed in Art. 4427, Vernon's Civil Statutes, over the total area of the county, including any municipalities located therein. Consequently, we are of the further opinion that a conflict of duties or discretion with respect to health, quarantine, or sanitation regulations or control, and, thus, a contrariety and antagonism could result in the attempt by one person to simultaneously discharge the duties of Mayor, as imposed by Art. 994, Vernon's Civil Statutes, and those of County Health Officer, as set forth in Art. 4427, Vernon's Civil Statutes.

On the basis of the foregoing, we must also answer your question No. 3 in the negative.

## SUMMARY

The County Auditor of Grayson
County cannot legally approve
a warrant for payment of County
Health Officer for services act-
ing as the duly elected and
qualified Mayor of the City of
Sherman, Texas, whether or not
the person holding such dual offi-
ces receives a salary for either
or both of such offices.

Yours very truly,

WILL WILSON
Attorney General of Texas

By   *B. H. Timmins, Jr.*
B. H. Timmins, Jr.
Assistant

BHT:pf:rh

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler
          Chairman
J. C. Davis, Jr.
William E. Allen
John Ross Lennan

REVIEWED FOR THE ATTORNEY GENERAL

Geo. P. Blackburn