Walter P. PURCELL et al., Appellants,

v.

O. P. CARRILLO et al., Appellees.

No. 13845.

Court of Civil Appeals of Texas.

San Antonio.

July 12, 1961.

Sam H. Burris, Alice, Walter P. Purcell, San Diego, Tex., for appellants.

Lloyd, Lloyd & Dean, Alice, for appellees.

POPE, Justice.

The question presented is whether Walter P. Purcell, contestant in an election contest, rendered his appeal moot when he took the oath of office and entered upon the duties of City Judge of Alice, Texas. O. P. Carrillo, contestee, filed a motion to dismiss Purcell's appeal from an adverse judgment in an election contest for the office of County Attorney of Duval County. The basis of the motion is Section 40 of Article 16, Texas Constitution, Vernon's Ann.St., which provides, "No person shall hold or exercise, at the same time, more than one Civil Office of emolument  *.  *."

In the election contest the trial court held that O. P. Carrillo, contestee, was elected County Attorney at the General Election. Contestee accordingly received the certificate of election, qualified, and entered upon the performance of the duties of that office. Walter P. Purcell, contestant, has not qualified nor entered upon the duties of the office of County Attorney. After the adverse judgment in the trial court, he perfected his appeal. While the appeal was pending, Purcell took the oath of office and entered upon the duties of the office of City Judge of Alice, which is a civil office of emolument.

We overrule the motion to dismiss the appeal. Until one qualifies or enters upon the duties of an office, he does not "hold" the office. In State ex rel. Kingsbury v. Brinkerhoff, 66 Tex. 45, 17 S.W. 109, the Court held that the fact of holding dual offices was established by proof that an officer had qualified and discharged the duties of the two offices. The Court stated that the respondent in that case qualified for one office and discharged the duties of that office. He later qualified for and accepted a second office, and those steps operated to vacate the first office. Accord, Biencourt v. Parker, 27 Tex. 558; Pruitt v. Glen Rose Independent School District No. 1, 126 Tex. 45, 84 S.W.2d 1004, 100 A.L.R. 1158; Torno v. Hochstetler, Tex.Civ.App.,

221 S.W. 623; Bonner v. Belsterling, Tex. Civ.App., 137 S.W. 1154.

■ It appears that this construction of the *constitutional meaning* of "hold" is in line with the legislative understanding of the term. Article 9.19, Election Code, V.A. T.S., provides for the measure of damages recoverable by one deprived of an office, but who is successful in a contest. He may recover the "salary, fees, and emoluments of office of which he has been deprived, less such reasonable expenses as the party holding the office shall have incurred in executing the duties of the office; * * *." This means that one may "hold" an office, but not be entitled to it. That is what Purcell contends. He urges that he is entitled to the office, but Carrillo is holding it. In our opinion, therefore, Purcell was not holding the office of County Attorney when he qualified as City Judge.

The motion to dismiss is overruled.