

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

Affirmed by~~WWW-1442~~

**WILL WILSON**
**ATTORNEY GENERAL**

April 2, 1962

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. WW-1295

Re:  Whether a person employed
as tax assessor-collector
for a conservation and
reclamation district may
legally hold the office of
County School Trustee at
the same time.

Dear Mr. Edgar:

You have requested this office to render an opinion
as to whether or not a person employed as tax assessor-collector
for a conservation and reclamation district may legally hold at
the same time the office of County School Trustee.

We first note that the office of County School Trustee
has been held, in prior Attorney General opinions, to be a civil
office of emolument, within the meaning of Section 40, Article
XVI, Texas Constitution.  Attorney General Opinions 0-4628 (1942),
V-1322 (1951).  Therefore, in order to find that an individual is
permitted to hold both the offices of County School Trustee and
tax assessor-collector of a conservation and reclamation district,
we must find that the latter office is <u>not</u> a civil office of
emolument.  Section 40, Article XVI, <u>supra</u>, specifically forbids
the holding of more than one civil office of emolument.  An exami-
nation of the particular office of tax assessor-collector here
involved is indicated.

Section 135, Article 8280, V.C.S., establishes the Trin-
ity Bay Conservation District.  Subsection 12 of that enactment
reads as follows:

"The Board of Directors may appoint a Tax
Assessor-Collector for said District who shall
serve at the will of the Board and shall qualify
by taking the oath required of the Directors of
the District, and making an official bond in
such amount as may be fixed by the Board.  The
Board of Directors shall also appoint a Board of
Equalization composed of three (3) qualified vot-
ers and freeholders of the District.  The General
Laws relating to the assessment, equalization and
collection of county taxes shall apply to the

taxes of this District, except where same are
in conflict with the provisions of this Act."

Since no particular information is furnished, we must assume
that the tax assessor-collector here involved has the same
general duties and responsibilities as other tax assessor-
collectors who operate under the general laws of the State.

In 34 Texas Jurisprudence §2, at page 323, the follow-
ing appears:

"'Office' embraces the ideas of tenure, dura-
tion, emolument and duties. Among the criteria
for determining whether an employment is a public
office are the following: the delegation of a
portion of the sovereign functions of the govern-
ment; the requirement of an official oath; that
the powers entrusted are conferred by law and not
by contract; and the fixing of the duration or
term of office. It is the duty pertaining to the
office and the nature of that duty, and not the
extent of authority which make the incumbent an
officer; and one is none the less an officer be-
cause his authority is confined to narrow limits."

In the light of the above information, we can now proceed with
a closer examination of the office of tax assessor-collector
for the Trinity Bay Conservation District. The office certainly
holds a delegation of a portion of the sovereign functions of the
government, by virtue of the incumbent's duty to collect the taxes
for and on behalf of the District. Under Section 135, Article
8280, V.C.S., supra, the General Laws relating to the assessment,
equalization and collection of county taxes shall apply to the
taxes of this District. In our present context, this operates
to place the tax assessor-collector upon approximately the same
footing as a county tax assessor-collector. In Pruitt v. Glen-
rose Independent School District No. 1, 84 S.W.2d 1004 (Comm.
App., 1935), it was held that the office of county tax assessor-
collector was a civil office of emolument. If we need to go
further, it can be noted that the tax assessor-collector for the
Trinity Bay Conservation District is required to take the same
oath required of the Directors of the District, and make an offi-
cial bond, and receives a salary.

In view of the foregoing, this office therefore holds
that the office of tax assessor-collector for the Trinity Bay Con-
servation District is a civil office of emolument, within the
meaning of Section 40, Article XVI, Texas Constitution. The of-
fice of County School Trustee has previously been held to be such

a position.  Therefore, it would be a violation of Section 40, supra, for the same individual to attempt to hold both offices. Your question is answered in the negative.

## SUMMARY

Section 40, Article XVI, Texas Constitution, forbids the holding of more than one civil office of emolument.  The offices of County School Trustee and Tax Assessor-Collector for a conservation district are both civil offices of emolument, and it is unconstitutional for one individual to hold both of the said offices.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Malcolm L. Quick
   Assistant

MLQ:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Henry Braswell
Bill Pool
Bob Shannon
Leon Pesek

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Houghton Brownlee, Jr.