

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 19, 1996

The Honorable Galen Ray Sumrow
Criminal District Attorney
Rockwall County Courthouse
Rockwall, Texas 75087

Opinion No. DM-428

Re: Whether a person may simultaneously serve as a municipal judge in more than one jurisdiction (RQ 873)

Dear Mr. Sumrow:

You have requested our opinion as to whether a person may simultaneously serve as a municipal judge in more than one jurisdiction. Article XVI, section 40, of the Texas Constitution provides, in relevant part:

> No person shall hold or exercise at the same time more, than one civil office of emolument, except that of Justice of the Peace, County Commissioner, Notary Public and Postmaster . . . It is further provided that a nonelective State officer may hold other nonelective offices under the State or the United States, if the other office is of benefit to the State of Texas or is required by the State or Federal law, and there is no conflict with the original office for which he receives salary or compensation.

We first consider whether the position of municipal judge is an "office."[1] In *Purcell v. Carrillo*, the court, without elaboration, held that "the office of City Judge of Alice . . . is a civil office of emolument." *Purcell v. Carrillo*, 349 S.W.2d 263 (Tex. Civ. App.--San Antonio 1961, no writ). Likewise, in Attorney General Opinion JM-333, this office said that a municipal judge occupies a civil office of emolument. Attorney General Opinion JM-333 (1985) at 2. Since, however, neither the case nor the opinion offer a compelling analysis for this conclusion, and because of the serious difficulty facing small cities in attempting to procure the services of part-time municipal judges, we feel that it is appropriate to consider the matter anew.

---

[1]We assume your question relates only to municipal judges who receive compensation. If a municipal judge is paid for his services in one jurisdiction, but not in the other, he does not occupy more than one office "of emolument," and thus, article XVI, section 40, does not bar him from dual service. *See Irwin v. State*, 177 S.W.2d 970, 973 (Tex. Crim. App. 1944).

The test adopted by the Supreme Court in *Aldine Independent School Dist. v. Standley* is the one commonly used to determine whether an individual is a "public officer":

> [T]he determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public *largely independent of the control of others.*

*Aldine Independent School Dist. v. Standley*, 280 S.W. 2d 578, 583 (Tex. 1995) (emphasis in original). In *State ex rel., Hill v. Pirtle*, the court held that neither an assistant attorney general nor an assistant district attorney holds an "office." According to the court, an "officer"

> is authorized by law to independently exercise functions of either an executive, legislative, or judicial character, and the exercise of this power by the officers is subject to revision and correction only according to the standing laws of this state. A public employee, in contrast, is a person in public service whose duties are generally routine, subordinate, advisory, and as directed.

*State ex rel., Hill v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994). As the court indicated, an assistant attorney general "operates under the direct supervision of the Attorney General and exercises no independent executive power," while an assistant prosecuting attorney "is hired by the district attorney, serves under his direction and at his discretion, and exercises no independent prosecutorial power." *Id.* at 931.

By contrast, the position of municipal judge, whether appointed or elected, bears all the indicia of "office." A municipal judge is a member of the judiciary of the state, and, like all judges, he is authorized to definitively adjudicate the rights of parties appearing before him. *Hickman v. State*, 183 S.W. 1180 (Tex. Crim. App. 1916). His exercise of judicial power "is subject to revision and correction only according to the standing laws of this state." *State ex rel., Hill*, 887 S.W.2d at 931. In our opinion, it seems evident that every such individual exercises a "sovereign function of government," and that he does so "largely independent of the control of others." *See* Attorney General Opinion JM-499 (1986). We thus affirm the holdings of *Purcell v. Carrillo*, and Attorney General Opinion JM-333, *supra*, and conclude that a compensated municipal judge, whether full or part-time, elected or appointed, holds a "public office," and that, except in the circumstances described below, he is prohibited from serving in that position in more than one jurisdiction.

As noted previously, however, a proviso to article XVI, section 40, declares that "a nonelective State officer may hold other nonelective offices under the State or the United States, if the other office is of benefit to the State of Texas or is required by the

State or Federal law, and there is no conflict with the original office for which he receives salary or compensation." Tex. Const. art. XVI, § 40. A municipal judge, like other municipal officials, is an "officer under the state." *See Willis v. Potts*, 377 S.W.2d 622, 625 (Tex. 1964). The matter of "conflict" raises essentially an incompatibility question. This office has recognized three branches of incompatibility: self-employment, self-appointment, and conflicting loyalties. Letter Opinion No. 93-70 (1993). We are aware of no situation in which a municipal judge of one jurisdiction appoints or supervises a municipal judge of another jurisdiction. Neither can we imagine how an issue of "conflicting loyalties" might arise, since the various municipalities constitute entirely separate jurisdictions with no role in the affairs of other municipalities.

The question then is whether the holding by a single individual of more than one municipal judgeship "is of benefit to the State of Texas."[2] In a particular instance— whether the holding of two identified municipal judgeships by a single named person constitutes a "benefit" to the state—this is a factual inquiry. On the other hand, one might argue that the holding of multiple municipal judgeships by one individual is, *as a general matter*, of benefit to the state. Such a finding would be more in the nature of a legal determination that is derived from an analysis of numerous fact situations. In either case, the resolution of these questions cannot be made by this office. As we have often stated, we cannot answer factual inquiries. Nor can we presume to declare the validity of the *general* proposition. Neither the constitution nor any statute furnishes any criteria for making such a finding, and we are not at liberty to do so merely because a number of individuals at present hold multiple municipal judgeships or because residents and officials of various small cities wish to maintain their current arrangements.

In our opinion, the matter peculiarly calls for a legislative resolution. The legislature is eminently qualified to determine what particular solutions to the matter of multiple municipal judgeships would "benefit" the state of Texas. Furthermore, the legislature could easily couple such a finding with a comprehensive statute setting out what limits, if any, it might find appropriate for such arrangements, and a delineation of the circumstances under which an individual might hold multiple municipal judgeships. In our view, such a resolution would not merely satisfy the constitutional requirement: it seems to be precisely what is called for by the proviso to article XVI, section 40.

Accordingly, it is our opinion that a compensated municipal judge, whether full or part-time, elected or appointed, holds a "public office," and he is prohibited by article XVI, section 40, Texas Constitution, from holding more than one such office. If, however, he is an *appointed* municipal judge, he may hold more than one such appointment, *provided* the holding of the second office is "of benefit to the State." The

---

[2]We presume the constitutional provision means that the *holding* of "the other office is of benefit to the state." Surely every public *office* created or authorized by constitution or statute is "of benefit to the state."

legislature is the appropriate body to determine, *as a general matter*, whether, and under what circumstances, the holding of multiple municipal judgeships is "of benefit to the State." On the other hand, the courts are best qualified to determine whether the holding of more than one particular municipal judgeship by a particular individual constitutes a "benefit" to the state.

## S U M M A R Y

A compensated municipal judge, whether full or part-time, elected or appointed, holds a "public office," and is subject to article XVI, section 40, of the Texas Constitution, which prohibits the holding of more than one such office. If he is an *appointed* municipal judge, he may hold more than one such appointment, *provided* the holding of the second office is "of benefit to the State." The legislature is the appropriate body to determine, *as a general matter*, whether, and under what circumstances, the holding of multiple municipal judgeships is "of benefit to the State." Whether the holding of particular municipal judgeships by a particular individual constitutes a "benefit" to the state requires the resolution of factual matters inappropriate to the opinion process.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General