OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

April 4, 2001

The Honorable Tom Ramsay
Chair, County Affairs Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0363

Re: Whether an individual may simultaneously hold the offices of mayor and director of a hospital district board that has condemned property in the mayor's city (RQ-0307-JC)

Dear Representative Ramsay:

You have requested our opinion as to whether an individual may simultaneously hold the offices of mayor and director of a hospital district that has condemned property in the mayor's city. For the reasons stated below, we conclude that he may not do so.

The mayor of La Vernia, a municipality in Wilson County, was elected to that position in May, 2000. Prior to that date, he had served as a member of the city council from 1975 through 1982 and again from 1985 until his election as mayor. The same individual was elected to the Wilson County Memorial Hospital District Board (the "Board") in 1987 and has served continuously in that position. He was last elected to president of the Board in 1999 to a term that ends in May, 2001.[1]

Both La Vernia and the Wilson County Hospital District have taxing authority and the power of condemnation. Rocha Letter, *supra* note 1, at 2. In April, 2000, the Board of the hospital district voted to condemn property, for the purpose of building a clinic within a subdivision of La Vernia. Shortly thereafter, the city council of La Vernia, of which the mayor is a member, enacted a resolution expressing its opposition to the building of the clinic. The city attorney suggests that, based on these facts, the mayor is barred by the common-law doctrine of incompatibility from simultaneously holding the office of hospital district director. *Id.*

Article XVI, section 40 of the Texas Constitution, which prohibits dual office holding except in certain delineated instances, is applicable only to offices of emolument. Neither the office of mayor of La Vernia nor the office of director of the Wilson County Memorial Hospital District Board is a compensated position. *Id.* Thus, article XVI, section 40 does not bar the simultaneous

---

[1]Letter from Ms. Susan C. Rocha, La Vernia City Attorney, to Honorable Ignacio Salinas, Jr., Texas State Representative at 2 (Sept. 12, 2000) (on file with Opinion Committee) [hereinafter Rocha Letter].

holding of these two positions. The common-law doctrine of incompatibility, however, reaches some examples of dual office holding not prohibited by article XVI, section 40. Tex. Att'y Gen. Op. No. JM-203 (1984); Tex. Att'y Gen. LO-96-004. The branch of incompatibility that is applicable to the situation you pose has been denominated "conflicting loyalties." *See* Tex. Att'y Gen. Op. No. JM-1266 (1990). It was first articulated by a Texas court in *Thomas v. Abernathy County Line Independent School District*, wherein the court found the offices of school trustee and city alderman to be incompatible. The court found that

> under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits – *e.g.*, there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations.... If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

*Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W.152, 153 (Tex. Comm'n App. 1927, judgm't adopted).

This office has frequently found conflicting loyalties incompatibility in situations similar to that of *Thomas*. *See, e.g.,* Tex. Att'y Gen. Op. Nos. DM-311 (1994) (offices of county commissioner and school trustee are incompatible), JM-634 (1987) (office of school trustee incompatible with that of council member of city located within boundaries of school district); Tex. Att'y Gen. LO-88-049 (one person may not simultaneously hold offices of county commissioner and council member of city located within that county).

The situation you describe presents a veritable textbook case of conflicting loyalties incompatibility. Not only do both the city and the hospital district have taxing and condemnation powers in overlapping geographical jurisdictions, but one of them – the hospital district – has actually condemned property in the other – the city. Furthermore, the governing body of La Vernia has expressed, on the record, its opposition to the condemnation. Rocha Letter, *supra* note 1, at 2. In such circumstances, it is plain beyond cavil that a single individual may not serve as a member of both governing bodies without running afoul of incompatibility. We conclude therefore that the mayor of La Vernia is barred by the doctrine of common-law incompatibility from simultaneously serving as president of the Wilson County Memorial Hospital District Board of Directors.

It is well established that qualification for and acceptance of a second office operates as an automatic resignation from the first. *Pruitt v. Glen Rose Indep. Sch. Dist.*, 84 S.W.2d 1004, 1006 (Tex. 1935); *Thomas,* 290 S.W. at 153; Tex. Att'y Gen. Op. No. MW-170 (1980). In *Pruitt*, an individual was appointed to the position of school district tax collector on October 23, 1928, and was

elected to the position of county tax collector on November 5, 1928. When he began his term as county tax collector on January 1, 1929, his "term of office as district collector ended automatically." *Pruitt*, 84 S.W.2d at 1006. On the basis of this principle, when the individual of whom you inquire was elected to and assumed the office of mayor of La Vernia in May, 2000, his term as president of the Board of Directors of the Wilson County Memorial Hospital District was automatically terminated.

## S U M M A R Y

An individual may not simultaneously hold the offices of mayor and director of a hospital district that has condemned property within the mayor's city.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee