ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 30, 2004

The Honorable José R. Rodríguez
El Paso County Attorney
500 East San Antonio, Room 503
El Paso, Texas 79901

Opinion No. GA-0224

Re: Whether a member of the board of directors of a water improvement district may simultaneously serve as a school district trustee (RQ-0174-GA)

Dear Mr. Rodríguez:

You ask whether a member of the board of directors of a water improvement district may simultaneously serve as a school district trustee.[1]

You indicate that the individual in question is a member of the board of directors of the Tornillo Water Improvement District (TWID), which was created in 1987 pursuant to article XVI, section 59, of the Texas Constitution and chapters 49 and 54 of the Water Code. *See* Request Letter, *supra* note 1, at 1. A district created under chapter 49 of the Water Code is authorized to "levy and collect a tax for operation and maintenance purposes." TEX. WATER CODE ANN. § 49.107(a) (Vernon Supp. 2004). Thus, TWID has the power of taxation within its geographical jurisdiction.

You further state that in May 2003, the individual "was elected to and subsequently accepted the office of trustee" of the Tornillo Independent School District (TISD). Request Letter, *supra* note 1, at 1. A school district, like a water improvement district created under chapter 49 of the Water Code, also enjoys the power of taxation. *See* TEX. EDUC. CODE ANN. § 11.152 (Vernon 1996) ("[t]he trustees of an independent school district may levy and collect taxes"). You indicate that the geographical boundaries of TWID overlap with those of TISD. *See* Request Letter, *supra* note 1, at 1.

Article XVI, section 40 of the Texas Constitution prohibits an individual from holding more than one office of emolument. *See* TEX. CONST. art. XVI, § 40. A member of the TISD board of trustees does not hold an office of emolument because the office of school trustee is not a compensated position. *See* TEX. EDUC. CODE ANN. § 11.061(d) (Vernon 1996) ("[t]he trustees [of a school district] serve without compensation"). Thus, article XVI, section 40 is not a bar to the holding of the two offices under consideration here. Your concern is whether the common-law

---

[1] *See* Letter from Honorable José R. Rodríguez, El Paso County Attorney, to Honorable Greg Abbott, Texas Attorney General (Jan. 20, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

doctrine of incompatibility prohibits the individual in question from simultaneously holding both positions.

The common-law doctrine of incompatibility has three aspects: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. No. GA-0032 (2003) at 4. Conflicting loyalties incompatibility was first recognized by a Texas court in *Thomas v. Abernathy County Line Independent School District*, 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted), in which the court declared:

> In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits–*e.g.*, there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

*Thomas v. Abernathy*, 290 S.W. at 153 (citations omitted).

As you note, the two entities under consideration, the TWID and the TISD, have overlapping geographical boundaries, and both have the power of taxation. In Attorney General Opinion GA-0032, we said, quoting two prior attorney general opinions, that "'[i]f two districts with overlapping geographical jurisdictions each have the power of taxation, . . . the potential for conflict is insurmountable.'" Tex. Att'y Gen. Op. No. GA-0032 (2003) at 5 (citations omitted). Furthermore, "'[w]here the object of each district is to maximize its own revenues, a single individual would have great difficulty in exercising his duties to two separate and competing masters.'" *Id.* Opinion GA-0032 found that, as a result, "an individual may not simultaneously serve both as trustee of the San Jacinto College District and as director of the Clear Brook Municipal Utility District." *Id.*

Similar reasoning is applicable to the situation you describe here. As a result, an individual may not simultaneously serve as a trustee of the TISD and a member of the board of directors of the TWID.

You also ask whether, if the person in question is barred by the common-law doctrine of incompatibility from serving in both positions, he automatically resigned his position on the TWID board when he was elected to and qualified for the office of school trustee. *See* Request Letter, *supra* note 1, at 2-3. In Attorney General Opinion JC-0363, this office considered whether an individual who was a member of the board of directors of the Wilson County Memorial Hospital District automatically resigned that position when he was elected to and assumed the office of mayor

of La Vernia. *See* Tex. Att'y Gen. Op. No. JC-0363 (2001) at 1. Citing the principle established by the Texas Supreme Court in *Pruitt v. Glen Rose Independent School District*, 84 S.W.2d 1004, 1006 (Tex. 1935), that qualification for and acceptance of a second office operates as an automatic resignation from the first, Opinion JC-0363 concluded that the person in question resigned from the office of director of the Wilson County Memorial Hospital District when he assumed the office of mayor. *See* Tex. Att'y Gen. Op. No. JC-0363 (2001) at 2-3. Likewise, in the situation you pose, the individual automatically resigned his office as a member of the board of directors of the TWID when he was elected to and assumed the position of a trustee of the TISD.

## S U M M A R Y

An individual may not simultaneously serve as a member of the board of directors of a water improvement district created under chapter 49 of the Water Code and as a trustee of an independent school district when the two districts have overlapping geographical boundaries. A member of the board of directors of the Tornillo Water Improvement District automatically resigned his position when he was elected to and qualified for the position of a trustee of the Tornillo Independent School District.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee