

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

January 3, 2017

The Honorable Sharen Wilson
Tarrant County Criminal District Attorney
401 West Belknap
Fort Worth, Texas 76196

Opinion No. KP-0125

Re: Simultaneous service on the board of trustees of a public library district and on the city council (RQ-0115-KP)

Dear Ms. Wilson:

You seek our opinion on the simultaneous service of a person on the city council of the City of Forest Hill and as a member of the Forest Hill public library district board.[1] You tell us that at the May 2016 election the same person was elected to the city council of the City of Forest Hill ("City") as well as to the board of trustees of the Forest Hill public library district ("District"). *See* Request Letter at 1. You inform us that the District is "located within the territorial limits of the [C]ity." *Id.* at 2.

Article XVI, section 40 of the Texas Constitution prohibits a person from simultaneously holding more than one "office of emolument." TEX. CONST. art. XVI, § 40(a). "An 'emolument' is compensation paid to the officer and does not include reimbursement for actual expenses." Tex. Att'y Gen. Op. No. KP-0023 (2015) at 1. Here, the City's charter provides that its council members do not receive compensation. *See* FOREST HILL, TEX., CODE OF ORDINANCES, pt. 1, art. III, § 3.03 (2007) (Home Rule Charter). Thus, a city council position is not one of emolument. Accordingly, article XVI, section 40(a) does not bar one person holding the two offices about which you ask. *See State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994) (recognizing that both positions must be civil offices of emolument for article XVI, section 40(a) to be applicable); *see also* Tex. Att'y Gen. Op. No. KP-0032 (2015) at 1.

We next consider the common-law doctrine of incompatibility. The doctrine has three components: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. No. KP-0032 (2015) at 2. The circumstances you describe implicate only the conflicting loyalties component. *See* Request Letter at 2. In *Thomas v. Abernathy County Line Independent School District*, a Texas court first determined two offices to be incompatible. 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted) (determining the offices of school trustee and city alderman to be incompatible). In its decision, the court said that

---

[1]*See* Letter from Honorable Sharen Wilson, Tarrant Cty. Crim. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (July 7, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

> there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits—e.g., there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

*Id.* (citations omitted). Conflicting-loyalties incompatibility "prohibits an individual from simultaneously holding two positions that would prevent him or her from exercising independent and disinterested judgment in either or both positions." Tex. Att'y Gen. Op. No. GA-0169 (2004) at 2. The crucial question in determining whether two offices are incompatible "is whether the occupancy of both offices by the same person is detrimental to the public interest or whether the performance of the duties of one interferes with the performance of those of the other." *Pirtle*, 887 S.W.2d at 930.

Each position considered in the conflicting-loyalties analysis must be an "officer." In this context, an officer is one upon whom "any sovereign function of the government" is conferred "to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955). This office previously determined that a city council member is an officer. *See* Tex. Att'y Gen. Op. Nos. GA-0169 (2004) at 3, JM-1266 (1990) at 2. And though this office has not yet considered the position of a library district board trustee, we note the position is an elected one, which makes it an officer. Tex. Loc. Gov't Code § 326.043 (providing for the election of library district trustees); *see also* Tex. Att'y Gen. Op. No. JM-1266 (1990) at 2 ("Elected officials are clearly officers[.]"). In addition to taxation authority, the powers entrusted to a library district board include the power to "borrow money, purchase, construct, acquire, own, . . . or improve any land" necessary for the district. Tex. Loc. Gov't Code § 326.061(a); *see also id.* §§ 326.091–.096 (governing the imposition of a sales and use tax by a library district). Such powers are sovereign powers exercised for the public by the board and its members, and because the board members are elected they are "largely independent of the control of others." *Aldine*, 280 S.W.2d at 583. Thus, a library district board trustee is an officer for purposes of the conflicting-loyalties incompatibility analysis.

In instances where the geographic boundaries of the two entities at issue overlap, "the potential for conflicting loyalties increases because the duties of the two offices are more likely to conflict." Tex. Att'y Gen. Op. No. KP-0023 (2015) at 2. As this office has recognized on numerous occasions, when "two districts with overlapping geographical jurisdictions each have the power of taxation, . . . the potential for conflict is insurmountable." *Id.*; *see also* Tex. Att'y Gen. Op. Nos. GA-0786 (2010) at 3–4, GA-0032 (2003) at 5, JM-1266 (1990) at 4. Such is the case because "[w]here the object of each district is to maximize its own revenues, a single individual would have great difficulty in exercising his duties to two separate and competing masters." Tex. Att'y Gen. Op. No. GA-0032 (2003) at 5.

In their overlapping territory, the City and the District each have authority to tax.[2] *See* TEX. CONST. art. XI, § 5(a) (authorizing home-rules cities to levy taxes); *see also* TEX. TAX CODE §§ 302.001(c) (authorizing a home-rule municipality to levy special or general property taxes), 321.101(a) (authorizing a municipality to impose sales and use tax); TEX. LOC. GOV'T CODE §§ 326.091–.096 (providing for imposition of sales and use tax by library district). The object of each entity's taxation authority is to maximize its revenues such that one individual would have difficulty in fully exercising his or her duties to separate and competing entities. *See* Tex. Att'y Gen. Op. No. GA-0307 (2005) at 4–5. As this office observed in Opinion GA-0307, because each entity has authority to call an election to impose, increase, or abolish a tax, each entity has substantial authority with regard to the levy of taxes. *Id.* at 4; *see also* TEX. LOC. GOV'T CODE § 326.094(a) (authorizing a library district to "call an election to increase, decrease, or abolish the local sales and use tax rate"); TEX. TAX CODE § 321.101(a) (authorizing a municipality to conduct an election to reduce, increase, or abolish the sale and use tax rate). Moreover, here the City and the District both have authority to impose a sales and use tax. *See* TEX. TAX CODE § 321.101(a) (authorizing a municipality to impose sales and use tax); TEX. LOC. GOV'T CODE §§ 326.091–.096 (providing for imposition of sales and use tax by library district). Because a sales and use tax is limited to a two percent tax rate between the entities imposing a sales and use tax, there is an increased likelihood of conflict between the two entities as they each seek to maximize their percentage within the limit. *See* TEX. TAX CODE § 321.101(f) (imposing two percent limit on all sales and use taxes imposed by the municipality and other taxing authorities); TEX. LOC. GOV'T CODE § 326.096 (same). Thus, competition between the City and the District to impose a maximum sales and use tax within the limit is an ever-present issue confronted by this individual that would make it difficult for the individual to fully exercise his or her duty to either entity. Given the taxation authority in the two entities with overlapping territories, the offices of city council member and library district trustee are incompatible, and one individual may not simultaneously serve in both.

Because of this conclusion, we next consider your question about the status of the holder of the dual offices. *See* Request Letter at 1, 3. You tell us that the person was first sworn in as a city council member and then sworn in as a trustee of the library board. *See id.* at 1. The Texas Supreme Court has determined that qualification for and acceptance of a second incompatible office operates as an automatic resignation from the first. *See Pruitt v. Glen Rose Indep. Sch. Dist.*, 84 S.W.2d 1004, 1006 (Tex. 1935); *Thomas*, 290 S.W.2d at 153. "[A]n officer who vacates his or her office by accepting and qualifying for a second incompatible office does not hold over under article XVI, section 17 of the Texas Constitution." Tex. Att'y Gen. Op. No. GA-0015 (2003) at 6 (citing *Pruitt*, 84 S.W.2d at 1007, and TEX. CONST. art. XVI, § 17). Under the facts you provide, in qualifying for the second office of library district trustee, the individual effectively resigned from the office of city council.

---

[2]To the extent the District's sales and use taxation authority differs from the City's ad valorem property taxation authority, this office previously dismissed such a distinction in this context. *See* Tex. Att'y Gen. Op. No. GA-0307 (2005) at 4–5 (concluding that an individual's simultaneous service to two entities with differing types of taxing authority was incompatible).

## S U M M A R Y

Because the City of Forest Hill and the Forest Hill Library District have taxation authority in overlapping territories, one individual may not simultaneously serve as a city council member and as a library district trustee. In qualifying for the second office of library district trustee, the individual effectively resigned from the office of city council.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee