

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
.ouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 5, 1983

Mr. Larry Temple
Chairman
Coordinating Board
Texas College and University System
P. O. Box 12788, Capitol Station
Austin, Texas   78711

Opinion No. JM-97

Re:   Whether  an  individual
may serve simultaneously as a
member   of   the   Coordinating
Board   and   a   Junior   College
Board

Dear Mr. Temple:

You have asked us to determine who is the proper holder of one of the positions on the Coordinating Board of the Texas College and University System -- Dr. Gwendolyn Morrison or Mr. George Bramblett. You inform us that Governor Clements appointed Dr. Morrison to the Coordinating Board of the Texas College and University System in October, 1979 for a term to expire in August, 1985. At the time of her appointment to the Coordinating Board of the Texas College and University System Dr. Morrison was serving a six-year term on the Tarrant County Junior College Board to which she was elected in April, 1976. Against the advice of Governor Clements' legal staff, Dr. Morrison continued to serve on the Tarrant County Junior College Board after her appointment to the Coordinating Board of the Texas College and University System. In April 1982, Dr. Morrison was re-elected to her position on the Tarrant County Junior College Board. Contending that Dr. Morrison could not serve concurrent terms on the two boards, Governor Mark White appointed Mr. George Bramblett to the Coordinating Board of the Texas College and University System to replace Dr. Morrison on October 6, 1983.

Dr. Morrison insists that she can continue to serve on both boards and that Governor White's appointment of Mr. Bramblett was invalid. We disagree with Dr. Morrison. We conclude that Dr. Morrison relinquished her position on the Coordinating Board of the Texas College and University System when she began her second term on the Tarrant County Junior College Board and that Mr. Bramblett is the proper holder of the position vacated by Dr. Morrison.

Texas law provides that one person may not hold two civil offices which are incompatible. Attorney General Opinion O-3308 (1941). This office has determined incompatibility on a case-by-case basis. See Attorney General Opinions M-842 (1971) (offices of domestic relations

judge and member of board of directors of Texas Southern University are compatible); V-63 (1947) (offices of county commissioner and trustee of independent school district are compatible); O-5145 (1943) (offices of county commissioner and trustee of a rural high school district are incompatible).

Attorney General Opinion V-63 set forth the following test for determining whether two offices should be considered incompatible:

> One of the most important tests as to whether offices are incompatible is found in the principle that the incompatibility is recognized whenever one is subordinate to the other in some of its important and principal duties, or is subject to supervision by the other, or where a contrariety and antagonism would result in the attempt by one person to discharge the duties of both. Under this principle two offices are incompatable where the incumbent of one has the power . . . of appointment as to the other office, or to audit the accounts of another, or to exercise a supervision over another.

Attorney General Opinion V-63 (citing Knuckles v. Board of Education of Bell County, 114 S.W.2d 511 (Ky. 1938).

We conclude that positions on the Coordinating Board of the Texas College and University System and the Tarrant County Junior College Board are incompatible. Section 61.051 of the Education Code defines the role of the Coordinating Board of the Texas College and University System:

> (a) The board shall represent the highest authority in the state in matters of public higher education.
>
> (b) The board shall define a junior college, a senior college, a university, and a university system; provided, that nothing in this section may be construed to authorize the board to establish or create any university system or to alter any university system presently existing by virtue of statute or the constitution of this state.
>
> (c) The board shall develop and publish criteria to be used as a basis for determining the need for changing the classification of any public institution of higher education and for determining the need for new public junior

colleges, public senior colleges, universities, or university systems.

(d)  The board shall classify and prescribe the role and scope for each public institution of higher education in Texas, shall make such changes in classification or role and scope of each institution as it deems necessary, and shall hear applications from the institutions for changes in classification or role and scope. The board shall make recommendation to the legislature with respect to maximum enrollment limits for each public institution of higher education in the State of Texas and may recommend to the legislature maximum enrollment limits for any department, school, degree program, or certificate program at any such institution.

(e)  The board shall review periodically all degree and certificate programs offered by the institutions of higher education to assure that they meet the present and future needs of the state. The board shall also order the initiation, consolidation, or elimination of degree or certificate programs where that action is in the best interest of the institutions themselves or the general requirements of the State of Texas, or when that action offers hope of achieving excellence by a concentration of available resources. No new department, school, degree program, or certificate program may be added at any institution of higher education except with specific prior approval of the board. Once approved, no department, school, degree program, or certificate program at any institution of higher education may be expanded to include subject matter courses that are outside of approved degree and certificate programs except with specific prior approval of the board. (Emphasis added).

In our opinion, the Tarrant County Junior College Board is subordinate to the Coordinating Board of the Texas College and University System "in some of its important and principal duties." The Coordinating Board of the Texas College and University System "defines a junior college," and subsections (c), (d), and (e) of section 61.051 clearly empower the Coordinating Board of the Texas College and University System to directly supervise critical aspects of the administration of a junior college such as Tarrant County

Junior College. In our opinion, it would be improper for Dr. Morrison to serve concurrent terms on the Coordinating Board of the Texas College and University System and the Tarrant County Junior College Board.

The incompatibility of these two offices invites application of the common law doctrine of vacation:

> Persons who accept and qualify for offices that are incompatible with offices they already hold ipso facto relinquish their prior posts.

Attorney General Opinion MW-170 (1980). See Purcell v. Carrillo, 349 S.W.2d 263 (Tex. Civ. App. - San Antonio 1961, no writ); Ramirez v. Flores, 505 S.W.2d 406 (Tex. Civ. App. - San Antonio 1973, writ ref'd n.r.e.); Attorney General Opinions MW-170 (1980); H-155, H-117 (1973);
.

Accordingly, we have determined that Dr. Morrison's career in public office has progressed as follows: in October 1976 Dr. Morrison began a term on the Tarrant County Junior College Board; she relinquished this position when she accepted Governor Clements' appointment to the Coordinating Board of the Texas College and University System; she then relinquished her post on the Coordinating Board of the Texas College and University System when she accepted her second term on the Tarrant County Junior College Board. This left her position on the Coordinating Board of the Texas College and University System vacant.

We conclude that Mr. George Bramblett is the proper holder of the position on the Coordinating Board of the Texas College and University System.

### SUMMARY

An individual may not serve simultaneously as a member of the Coordinating Board of the Texas College and University System and a Junior College Board. Upon acceptance of a position on one of the boards, membership on the other board is relinquished.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton