**The STATE of Texas on the Relation of R. G. BEICKER, Appellant,**

v.

**Roger MYCUE, Appellee.**

**No. 15054.**

Court of Civil Appeals of Texas, San Antonio.

May 17, 1972.

Rehearing Denied June 14, 1972.

Elizabeth C. Jandt, John J. Jandt, Seguin, for appellant.

Threlkeld, Saegert & Saegert, Seguin, for appellee.

BARROW, Chief Justice.

This suit was brought by the State of Texas on the relation of R. G. Beicker by the County Attorney of Guadalupe County against appellee seeking to declare the Office of Building Inspector of the City of Seguin vacant by operation of law upon appellee's taking the oath of office as Chief of the Seguin Fire Department. Trial was had before the court, and a take nothing judgment was entered after relator had concluded his case.

Relator asserts ten assignments of error on this appeal, but all relate to the basic proposition of whether the offices of Building Inspector and Fire Chief of the City of Seguin are "Civil Offices of emolument" within the prohibition of Article XVI, Section 40 of the Texas Constitution, Vernon's Ann.St.[1] We conclude that the office of Chief of the Seguin Volunteer Fire Department is not such an office.

Appellee has served as Chief of the Seguin Volunteer Fire Department since 1963. He serves from year to year with each term expiring April 30th. The budget of the City of Seguin provides for the Fire Chief to receive a car expense allowance of $50.00 per month, but no salary is authorized. On April 21, 1970, appellee was appointed Building Inspector by the

1. "No person shall hold or exercise, at the same time, more than one Civil Office of emolument, except that of Justice of Peace, County Commissioner, Notary Public and Postmaster, Officer of the National Guard, . . . . ."

City Council; and in this capacity, he is paid $500.00 per month. A car allowance is authorized in the City budget for the Building Inspector; however, nothing has been charged to this particular budget item since May 1, 1970. Appellee testified that the car expense allowance he has received since May 1, 1970, is properly charged to this budget item rather than to the fire department. The findings of fact of the trial court are somewhat confusing as to whether the car expense allowance received by appellee was in connection with his duties as Fire Chief or Building Inspector.

We assume for the purpose of this opinion that such car expense allowance was received by appellee in his capacity as Fire Chief. Nevertheless, such expense allowance did not make said office one of emolument within the constitutional prohibition.

"Emolument" is defined in Webster's New International Dictionary, Second Edition, as "the profit arising from office or employment; that which is received as a compensation for services; payment received for work; wages; salary; fees." A somewhat similar definition was given in Irwin v. State, 177 S.W.2d 970, 973 (Tex.Crim.App.1944), wherein it was held that, ". . . the term 'emolument', . . . means a pecuniary profit, gain or advantage."

In Whitehead v. Julian, 476 S.W.2d 844, 845 (Tex.1972), the Supreme Court recently considered whether a $50.00 per month car expense allowance made the position of Mayor of Rusk a "lucrative office" within the provision of Article III, Section 19.[2] In holding that it was *not* a lucrative office within such provision, the Court said: "We are of the opinion that a 'lucrative' office is one in which the holder thereof receives a salary, fees or other compensation." See also Terrell v. King, 118 Tex. 237, 14 S.W.2d 786 (1929).

While we have found no Texas case dealing squarely with the specific constitutional provision involved herein, other jurisdictions uniformly hold that payment of expenses is not an emolument. Spearman v. Williams, 415 P.2d 597 (Okl.1966); State ex rel. Lyons v. Guy, 107 N.W.2d 211 (N.D.1961); 14 Words and Phrases, Permanent Edition, "Emolument".

The trial court properly refused to hold that appellee vacated the office of Building Inspector upon assuming the duties of Fire Chief for the year beginning May 1, 1970.

The judgment is affirmed.

2. "No judge of any court, Secretary of State, Attorney General, clerk of any court of record, *or any person holding a lucrative office* under the United States, or this State, or any foreign government shall during the term for which he is elected or appointed, be eligible to the Legislature." (emphasis ours)