OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



January 28, 2002

The Honorable Frank Madla
Chair, Senate Committee on
  Intergovernmental Relations
Texas State Senate
P. O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0455

Re: Whether a member of a governmental body that is located within the boundaries of the Cow Creek Groundwater Conservation District may serve as a member of the board of directors of the district (RQ-0423-JC)

Dear Senator Madla:

You have requested our opinion as to whether a member of a governmental body that is located within a groundwater conservation district may serve as a member of the board of directors of the district. We understand that your particular concern is with the Cow Creek Groundwater Conservation District.[1] For the reasons discussed below, we conclude that such public officers may not do so.

The Cow Creek Groundwater Conservation District was initially created in 1999 by Senate Bill 1911. *See* Act of May 28, 1999, 76th Leg., R.S., ch. 1331, 1999 Tex. Gen. Laws 4536. The bill provided that the boundaries of the district "are coextensive with the boundaries of Kendall County." *Id.* § 2(a). Section 8 required that "the commissioners court of a county containing territory included within the district shall appoint temporary directors in accordance with the provisions of section 36.016, Water Code, relating to the appointment of temporary directors by county commissioners courts." *Id.* § 8(a), at 4538. Temporary directors were granted, with certain exceptions, "the same permitting and general management powers as those granted to initial and permanent directors under Chapter 36, Water Code." *Id.* § 5(a).[2] The temporary board of directors was prohibited from calling and holding an election "to confirm the district and to elect the initial directors" until September 1, 2001, or thereafter. *Id.* § 10(a), at 4539. Furthermore, "an election for the confirmation of the creation of a groundwater conservation district under this Act and for the selection of initial directors

---

[1]Telephone Conversation with Harold Oliver, Office of Senator Frank Madla (Jan. 15, 2002).

[2]The excepted sections were: "(1) Sections 36.017, 36.019, 36.020, and 36.059, relating to elections; (2) Sections 36.105, 36.1071, 36.1072, 36.1073, and 36.108, relating to eminent domain and management plans; (3) Sections 36.171-36.181, relating to bonds and notes; (4) Sections 36.201-36.204, relating to taxes; and (5) Sections 36.321-36.359, relating to annexation and consolidation." Act of May 28, 1999, 76th Leg., R.S., ch. 1331, § 5(c), 1999 Tex. Gen. Laws 4536, 4538.

for such district," could not be held "unless action is taken by the 77th Legislature in its Regular Session to ratify the creation of the district." *Id.* § 15(a).

Under the terms of House Bill 3544, the 77th Legislature ratified the creation of the Cow Creek Groundwater Conservation District, "subject to approval at a confirmation election." Act of May 25, 2001, 77th Leg., R.S., ch. 1349, § 1, 2001 Tex. Sess. Law Serv. 3163. Section 4 of House Bill 3544 declares that the district, whose boundaries are coextensive with the boundaries of Kendall County, "has all of the rights, powers, privileges, authority, functions, and duties provided by the general law of this state, including Chapter 36, Water Code, applicable to groundwater conservation districts created under Section 59, Article XVI, Texas Constitution." *Id.* § 4. As was the case with the previous legislation, House Bill 3544 provides that "[t]he temporary board of directors shall be appointed by the county commissioners court. The county commissioners court shall appoint a temporary director from each commissioners precinct and one director at large." *Id.* § 7(a), at 3164. Furthermore:

> [i]f a temporary director fails to qualify for office, the temporary directors who have qualified shall appoint a person to fill the vacancy. If at any time there are fewer than three qualified directors, the Texas Natural Resource Conservation Commission shall appoint the necessary number of persons to fill all vacancies on the board.

*Id.* § 7(b). The temporary board of directors is required to "call and hold an election to confirm establishment of the district and to elect initial directors." *Id.* § 8(a). In addition:

> [a]t the confirmation and initial directors' election, the temporary board of directors shall have placed on the ballot the names of the five temporary directors, the name of any other candidate filing for an initial director's position, and blank spaces to write in the names of other persons.

*Id.* § 8(b).

Under the terms of section 10, "[b]eginning in the second year after the year in which the creation of the district is confirmed at a confirmation election, an election shall be held in the district . . . to elect the appropriate number of directors to the board." *Id.* § 10. "The initial directors for precincts 2 and 3 shall serve as initial directors until the first regular meeting of the board of directors held after the first permanent directors's election under Section 10 . . . ." *Id.* § 9. "The initial directors for precincts 1 and 4 and the initial director representing the district at large shall serve as initial directors until the first regular meeting of the board of directors held after the second permanent director's election under Section 10 . . . ." *Id.*

Chapter 36 of the Water Code, which relates to groundwater conservation districts, is applicable to a district, which is defined as "any district or authority created under Section 52,

Article III, or Section 59, Article XVI, Texas Constitution, that has the authority to regulate the spacing of water wells, the production from water wells, or both." TEX. WATER CODE ANN. § 36.001(1) (Vernon Supp. 2002). The stated purpose of a groundwater conservation district is "to provide for the conservation, preservation, protection, recharging, and prevention of waste of groundwater, and of groundwater reservoirs or their subdivisions, and to control subsidence caused by withdrawal of water from those groundwater reservoirs or their subdivisions." *Id.* § 36.0015. Section 36.060 provides that "[a] director is entitled to receive fees of office of not more than $150 a day for each day the director actually spends performing the duties of a director. The fees of office may not exceed $9,000 a year." *Id.* § 36.060(a). Furthermore, "[e]ach director is also entitled to receive reimbursement of actual expenses reasonably and necessarily incurred while engaging in activities on behalf of the district." *Id.* § 36.060(b).

Subsection 36.051(b) provides:

> (b) A member of a governing body of another political subdivision is ineligible for appointment or election as a director. A director is disqualified and vacates the office of director if the director is appointed or elected as a member of the governing body of another political subdivision. *This subsection does not apply to any district with a population less than 50,000.*

*Id.* § 36.051(b) (Vernon 2000) (emphasis added). Under the terms of this provision, a member of another governmental body is not eligible to be appointed as a director of any groundwater conservation district with a population of 50,000 or greater. *See id.* Your question is whether a member of another governmental body is eligible to serve as a director when the district has a population of less than 50,000.[3] Kendall County, which is coterminous with the Cow Creek Groundwater Conservation District, has, according to the 2000 federal census, a population of 23,743. *See* BUREAU OF THE CENSUS, U.S. DEPT. OF COMMERCE, 2000 CENSUS OF POPULATION, *available at* http://www.census.gov/. Thus, a member of another governmental body is clearly not ineligible to serve as a director by virtue of section 36.051(b), because that provision is not applicable "to any district with a population less than 50,000." *See* TEX. WATER CODE ANN. § 36.051(b) (Vernon 2000). We must also, however, consider the applicability of article XVI, section 40, of the Texas Constitution, and the common-law doctrine of incompatibility.

Article XVI, section 40 provides, in relevant part, that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument . . . ." TEX. CONST. art. XVI, § 40(a). It is well established that "the determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley,* 280 S.W.2d 578, 583 (Tex. 1955). A member of the governing body of a political

---

[3]*See* Letter from Honorable Frank Madla, Chair, Senate Committee on Intergovernmental Relations, Texas State Senate, to Honorable John Cornyn, Texas Attorney General (Aug. 23, 2001) (on file with Opinion Committee).

subdivision, such as a city or county, clearly occupies an office. Likewise, a director of a groundwater conservation district holds an office under the test of *Aldine. See id.* at 578. County commissioners, on the other hand, are exempt from the provisions of article XVI, section 40. *See* TEX. CONST. art. XVI, § 40(a).

An "emolument" for purposes of article XVI, section 40, is "a pecuniary profit, gain, or advantage." *Tex. ex rel. Beicker v. Mycue*, 481 S.W.2d 476, 477 (Tex. Civ. App.–San Antonio 1972, no writ) (citing *Irwin v. State*, 177 S.W.2d 970, 973 (Tex. Crim. App. 1944), *reversed on other grounds*). The term includes an amount paid as a fixed per diem allowance. *See* Tex. Att'y Gen. Op. No. JM-594 (1986) (payment of $10 per day constitutes an "emolument"). Even a token payment of $10 per meeting constitutes an "emolument." *See Willis v. Potts*, 377 S.W.2d 622 (Tex. 1964). In Attorney General Letter Opinion 98-055, this office said that a member of the Texas Board of Physical Therapy Examiners held an office of emolument because such an individual was statutorily entitled to receive a $30 flat rate per diem in addition to "reimbursement of actual expenses for meals and lodging not to exceed $80 per day," plus "reimbursement of transportation and incidental expenses." Tex. Att'y Gen. LO-98-055, at 1. In the situation you pose, a director of a groundwater conservation district is entitled to receive "fees of office" of up to $150 per day for each day he attends to his duties as director, and in addition, is entitled to receive "reimbursement of actual expenses . . . incurred." *See* TEX. WATER CODE ANN. § 36.060(a), (b) (Vernon Supp. 2002). It is evident, therefore, that a director holds an office of emolument. If his other position as a local public official is a compensated position, he thus holds "more than one civil office of emolument," and article XVI, section 40, bars him from doing so simultaneously. *See* TEX. CONST. art. XVI, § 40. Because county commissioners are specifically exempted from the operation of article XVI, section 40, however, they are not prohibited by virtue of that constitutional provision from serving on the board of directors of a groundwater conservation district. They may, on the other hand, be barred by common-law incompatibility.

Subsection 36.051(b) of the Water Code, which renders a member of the governing body of another political subdivision ineligible from serving as a director of a groundwater conservation district, states that it "does not apply to any district with a population less than 50,000." TEX. WATER CODE ANN. § 36.051(b) (Vernon 2000). This provision does not affirmatively declare that, in a district with a population of less than 50,000, a member of the governing body of another political subdivision is thereby *eligible* to serve as a director of a groundwater conservation district. Subsection 36.051(b) thus does not repeal the common-law doctrine of incompatibility with regard to districts of less than 50,000 population. *See* Tex. Att'y Gen. Op. No. JM-671 (1987) at 6 (enactment of article 988b of the Revised Civil Statutes does not repeal common-law conflict of interest doctrine regarding state officers).

Common-law incompatibility has three aspects: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. No. JC-0054 (1999). It is the last of these that concerns us here. Conflicting loyalties incompatibility derives from the court's decision in *Thomas v. Abernathy County Line Independent School Dist.*, 290 S.W. 152 (Tex.Comm'n App. 1927, judgm't adopted), wherein the court said:

> In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits—*e.g.*, there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

*Thomas*, 290 S.W. at 153 (citations omitted). Where the geographical boundaries of two governmental bodies overlap, there is always the potential for conflict. *See* Tex. Att'y Gen. Op. Nos. JM-1266 (1990); JM-129 (1984). It is well established, for example, that when two governmental bodies are authorized to contract with each other, one person may not serve simultaneously as a member of both. *See* Tex. Att'y Gen. Op. Nos. DM-311 (1994), JM-1266 (1990), JM-634 (1987); Tex. Att'y Gen. LO-93-022, LO-88-132, LO-88-049.

The Cow Creek Groundwater Conservation District is specifically authorized to "contract with one or more state agencies or other governmental bodies, *including a county*, a river authority, or another district to carry out the functions of the district." Act of May 25, 2001, 77th Leg., R.S., ch. 1349, § 11(a), 2001 Tex. Sess. Law Serv. 3163, 3165. Furthermore, a groundwater conservation district may be authorized to levy taxes. *See* TEX. WATER CODE ANN. §§ 36.020(a), .201 (Vernon 2000). Section 36.067 permits a district to "purchase property from any other governmental entity." *Id.* § 36.067(b) (Vernon Supp. 2002). A district has the power of eminent domain. *Id.* § 36.105 (Vernon 2000). Furthermore, it is directed to "require permits for the drilling, equipping, or completing of wells or for substantially altering the size of wells or well pumps." *Id.* § 36.113(a) (Vernon Supp. 2002). Most significantly, a district is empowered to:

> make and enforce rules . . . to provide for conserving, preserving, protecting, and recharging of the groundwater or of a groundwater reservoir or its subdivisions in order to control subsidence, prevent degradation of water quality, or prevent waste of groundwater and to carry out the powers and duties provided by this chapter.

*Id.* § 36.101(a). Furthermore, a district "may enforce this chapter and its rules by injunction, mandatory injunction, or other appropriate remedy in a court of competent jurisdiction." *Id.* § 36.102(a).

Counties are also given substantial control over water, including the power to acquire property "for the purpose of building canals, drains, levees, and other improvements to provide for

flood control and water outlets." TEX. LOC. GOV'T CODE ANN. § 411.001(a) (Vernon 1999). A county may contract with other political subdivisions "for the purpose of providing flood control or drainage as it relates to flood control or for the purpose of providing and maintaining necessary outlets." *Id.* § 411.002(a). In addition, a county may "sell and deliver" its surplus water, *id.* § 412.002 (Vernon 1999), which is defined as "water that a county has acquired from an underground source for the county's water supply and that is not needed for county purposes." *Id.* § 412.001. In all these respects — taxation, eminent domain, contracting, and most conspicuously, their duties with regard to water — the potential for conflict between a county commissioners court and the board of a groundwater conservation district is formidable. Consequently, an individual may not simultaneously serve as a county commissioner and as a director of a groundwater conservation district whose geographical boundaries include all or part of the county.

In summary, members of the governing board of a local political subdivision, except a county, whose members are compensated beyond reimbursement for actual expenses, are barred by article XVI, section 40, from simultaneously serving on the board of directors of a groundwater conservation district. Likewise, a county commissioner is prohibited by the common-law doctrine of incompatibility from simultaneously serving on the board of directors of any groundwater conservation district with geographical boundaries that overlap those of the county.

If a member of a governmental body that is located in a groundwater conservation district has been improperly appointed to the district's board, you ask what effect this would have on decisions taken by the board. We note the well-established principle that qualification for and acceptance of a second office operates as an automatic resignation from the first office. *See Pruitt v. Glen Rose Indep. Sch. Dist.*, 84 S.W.2d 1004, 1006 (Tex. 1935). Consequently, if a county commissioner, for example, accepts a position as a director of a groundwater conservation district, he automatically vacates the office of county commissioner, and the acceptance of the later position would not render invalid any action taken by the board.

## S U M M A R Y

An individual may not simultaneously hold the offices of director of a groundwater conservation district and member of the governing body of a local governmental district that is not a county if the local governmental office is a compensated position. Furthermore, a county commissioner is barred by the common-law doctrine of incompatibility from serving as a member of the board of directors of any groundwater conservation district whose geographical boundaries overlap with those of the county in which the commissioner serves.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee