**SKYPARK AVIATION, LLC and Ray Spengler, Appellants**

v.

**Kenneth LIND, Dale Childers, and Ector County, Appellees**

**No. 11-14-00352-CV**

Court of Appeals of Texas, Eastland.

Opinion filed June 22, 2017

---

Camden B. Chancellor, Galloway, Johnson, Tompkins, Burr & Smith, 14643 Dallas Parkway, Suite 625, Dallas, TX 75424, for Appellants.

Mike Atkins, Atkins, Hollman, Jones, Peacock, Lewis & Lyon, 3800 East 42nd

Street, Suite 500, Odessa, TX, for Appellees.

Panel consists of: Wright, C.J., Willson, J., and Bailey, J.

## OPINION

### JOHN M. BAILEY, JUSTICE

Appellants, Skypark Aviation, LLC and its owner, Ray Spengler, filed suit against Appellees—Kenneth Lind, Dale Childers, and Ector County—concerning Skypark's unsuccessful effort to be named as the "Fixed Base Operator" of the Ector County (Schlemeyer) Airport. Lind was the purchasing agent of Ector County, and Childers was the county commissioner of Ector County that served as the "officer in charge of opening the bids" that the County received in response to its request for proposal for a fixed base operator. In four issues on appeal, Appellants appeal the trial court's order granting Appellees' pleas to the jurisdiction. We affirm.

### Background Facts

Ector County is the owner of an airport facility, Schlemeyer Field, located north of Odessa. The airport is operated by a fixed base operator who contracts with Ector County for the airport's operation and maintenance. In 2014, Ector County issued a request for proposal to find a new fixed base operator for the airport. Ector County received proposals from four applicants, including Skypark. After reviewing the applications, the Commissioners' Court selected another applicant to be the fixed base operator.

Upon being notified that Skypark was not selected, Spengler appeared before the Commissioners' Court for an oral presentation of Skypark's proposal. The Commissioners' Court did not change its previous selection of another applicant after this presentation. Appellants then filed the underlying action seeking declaratory and injunctive relief by having the contract awarded to the other applicant declared void. Appellants alleged that Skypark was a more qualified entity to serve as the fixed base operator of the airport. They also alleged various errors purportedly made by Ector County officials in evaluating the proposals.

Each Appellee filed a plea to the jurisdiction in which they alleged that they were immune from suit. After a hearing, the trial court granted Appellees' pleas to the jurisdiction and dismissed the suit. Appellants filed various motions for reconsideration after the trial court entered its order granting Appellees' pleas to the jurisdiction. However, the record does not reflect that the trial court ruled on any of the motions for reconsideration.

### Analysis

In their first and second issues, Appellants contend that the trial court erred when it granted Appellees' pleas to the jurisdiction. "A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A plea to the jurisdiction challenges the trial court's subject-matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Subject-matter jurisdiction is a question of law. *Id.* at 226. Therefore, we apply a de novo standard of review to a trial court's ruling on a plea to the jurisdiction. *Id.* When, as here, a plea to the jurisdiction challenges the pleadings, we determine whether the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction. *Id.* The plaintiff has the burden to plead facts that affirmatively demonstrate the trial court's juris-

diction. *Id.* If the pleadings affirmatively negate the existence of the trial court's jurisdiction, then the trial court may grant a plea to the jurisdiction without allowing the plaintiff an opportunity to amend his pleadings. *Id.* at 226–27.

"Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages." *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 655 (Tex. 2008). Sovereign immunity shields the state from suit unless it expressly consents to being sued. *Harris Cty. v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004). Governmental immunity affords similar protection to subdivisions of the state, including counties. *Id.* Sovereign and governmental immunity in Texas embodies two concepts: immunity from liability and immunity from suit. *City of Dallas v. Albert,* 354 S.W.3d 368, 373 (Tex. 2011). Immunity from liability protects governmental entities from judgments, while immunity from suit completely bars actions against those entities unless the legislature expressly consents to suit. *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 374 (Tex. 2006); *Tooke v. City of Mexia,* 197 S.W.3d 325, 332 (Tex. 2006). Immunity from suit deprives the courts of subject-matter jurisdiction and thus completely bars the plaintiff's claim. *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 696 (Tex. 2003).

A suit against government employees in their official capacities is, in all respects, a suit against the governmental entity; thus, employees sued in their official capacities are shielded by sovereign immunity or governmental immunity. *See Franka v. Velasquez,* 332 S.W.3d 367, 382–83 (Tex. 2011) ("[A]n employee sued in his official capacity has the same governmental immunity, derivatively, as his government employer."). In this regard, Lind and

Childers were only sued in their official capacities as officials of Ector County. Accordingly, Appellees' pleas to the jurisdiction present the same question: Do Appellees have governmental immunity from suit for the claims asserted by Appellants?

A political subdivision enjoys governmental immunity from suit to the extent that immunity has not been abrogated by the legislature. *See Tex. Nat. Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 853 (Tex. 2002). For a statute to effectuate a waiver of governmental immunity, the legislative intent to waive immunity must be expressed in clear and unambiguous language. *Harris Cty. Hosp. Dist. v. Tomball Reg'l Hosp.,* 283 S.W.3d 838, 842 (Tex. 2009); *see* Tex. Gov't Code Ann. § 311.034 (West 2013) ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.").

In their original petition, Appellants asserted that the trial court had subject-matter jurisdiction under Texas Local Government Code Section 262.033 for the relief that they sought. *See* Tex. Loc. Gov't Code Ann. § 262.033 (West 2016). Appellants later cited Texas Local Government Code Section 271.028 as an alternative statute conferring subject-matter jurisdiction. Appellants contend in their first and second issues that the trial court erred in failing to conclude that these statutes confer subject-matter jurisdiction.

Section 262.033 is contained within subchapter C of Chapter 262 of the Texas Local Government Code. *See* Loc. Gov't §§ 262.021–.037. This subchapter is commonly referred to as "the County Purchasing Act." *Id.* § 262.021; *see Labrado v. Cty. of El Paso,* 132 S.W.3d 581, 587 (Tex. App.—El Paso 2004, no pet.). This subchapter sets out the competitive bidding procedures that counties must follow "[b]e-

fore a county may purchase one or more items under a contract that will require an expenditure exceeding $50,000." Loc. Gov't § 262.023(a). Section 262.033 provides that "[a]ny property tax paying citizen of the county may enjoin performance under a contract made by a county in violation of this subchapter." *Id.* § 262.033. Section 262.033 has been interpreted to confer subject-matter jurisdiction for claims made by property tax paying citizens to enjoin a contract for purchase made by a county in violation of the County Purchasing Act. *See Dallas Cty. v. Cedar Springs Invs., L.L.C.*, 375 S.W.3d 317, 321 (Tex. App.—Dallas 2012, no pet.); *Labrado*, 132 S.W.3d at 592–94.

Section 271.028 is contained within subchapter B of Chapter 271. Loc. Gov't §§ 271.021–.030. Subchapter B is entitled "Competitive Bidding on Certain Public Works Contracts." Section 271.024 provides that, if a governmental entity is required by statute to award a contract "for the construction, repair, or renovation of a structure, road, highway, or other improvement or addition to real property on the basis of competitive bids," the bidding must comply with the subchapter. *Id.* § 271.024. Section 271.028 provides that "[a] contract awarded in violation of this subchapter is void."

■ Appellees contend that neither of these statutes confer subject-matter jurisdiction to the courts for the claims that Appellants are presenting. Appellees supported this contention at the hearing by citing an attorney general opinion that addressed whether a county may lease airport land without engaging in competitive bidding. *See* Tex. Att'y Gen. Op. No. GA-0190 (2004), 2004 WL 1140408. We note that the opinions of the Texas Attorney General are not controlling authority, but they may be cited as persuasive authority. *Comm'rs Court of Titus Cty. v. Agan*, 940

S.W.2d 77, 82 (Tex. 1997). Because of the similarity of the facts in this case and the matters at issue in the attorney general opinion cited by Appellees, we find that it is "particularly instructive." *See City of Fort Worth v. Cornyn*, 86 S.W.3d 320, 328 (Tex. App.—Austin 2002, no pet.) (giving due consideration to an attorney general opinion that is particularly instructive).

The attorney general opinion dealt with a joint plan by the City of Kerrville and Kerr County to lease the Kerrville Airport to a private operator to conduct an aviation business at the airport. 2004 WL 1140408, at *1. The attorney general's office was asked whether the county could lease the airport for this purpose without adhering to the competitive bidding requirements of Texas Local Government Code Chapter 263. *Id.* This chapter is entitled "Sale or Lease of Property by Counties." Loc. Gov't §§ 263.001–.251. Section 263.001(a) provides that "[t]he sale or lease [of real property owned by the county] must be made at a public auction." *Id.* § 263.001. Section 263.007 permits the sale or lease of county real property through a sealed-bid procedure. *Id.* § 263.007.

The attorney general's office noted that Transportation Code Chapter 22 authorizes local governments to establish and operate airports. 2004 WL 1140408, at *3; *see* Tex. Transp. Code Ann. §§ 22.001–.901 (West 2011 and Supp. 2016). Chapter 22 contains specific provisions authorizing counties to lease airport land for operation by others. *See* Transp. §§ 22.020–.021. The attorney general's office concluded that, under Sections 22.020 and 22.021, the lease of an airport for operations is not subject to competitive bidding requirements. 2004 WL 1140408, at *5–6. As noted in the opinion:

[S]ections 22.020 and 22.021 involve more than a lease of public land. Leases under these provisions must be for air-

port or air navigation purposes, and they may include responsibility for operating an airport or for providing services necessary to operate an airport or an air navigation facility. While auctioning a lease would secure the highest price, it would not necessarily secure the expertise and other qualities needed to carry out the responsibilities that accompany the lease.

*Id.* at *5.

The opinion of the attorney general's office establishes that neither Section 262.033 nor Section 271.028 confer subject-matter jurisdiction to the courts to adjudicate Appellants' claims. Section 262.033 is contained within the County Purchasing Act, and it provides a waiver of immunity to enjoin purchases made in violation of the act. As reflected in the attorney general's opinion, Ector County was not purchasing anything in seeking a fixed base operator to operate the airport. Instead, Ector County was seeking an entity to serve as the fixed base operator of the airport based upon an acceptable sum paid by the operator to the county. Section 271.028 also is not applicable because Ector County was not awarding a contract for the construction, repair, or renovation of a structure, road, highway, or other improvement or addition to real property requiring an expenditure of more than $50,000 of county funds. *See* Loc. Gov't § 271.024.

■ In a general sense, Ector County was seeking to lease the airport. Leases by counties are generally governed by Chapter 263. However, the attorney general's office concluded that the leasing of a county airport for operational purposes is not subject to Chapter 263. Instead, the leasing of a county airport for operational purposes is governed by Sections 22.020–.021 of the Transportation Code. We agree with this conclusion of the attorney gener-

al's office for the reasons set out in its opinion. We further note that Chapter 263 does not contain a provision similar to Section 262.033 providing a waiver of immunity to enjoin leases made in violation of the chapter. Thus, even if Chapter 263 governed Ector County's request for proposal pertaining to the airport, it does not contain a provision waiving immunity to enjoin leases made in violation of the chapter.

Appellants argue that Ector County's use of language in its request for proposal similar to the bidding requirements set out in Chapter 262 made its request subject to the requirements of Chapter 262, including the waiver of immunity afforded by Section 262.033. We disagree. As noted previously, the leasing of a county airport for operational purposes is not subject to competitive bidding requirements. *See* Transp. §§ 22.020–.021. The fact that Ector County chose to utilize procedures similar to the requirements of the County Purchasing Act does not make the requirements of the Act applicable to its request for proposal. Furthermore, Section 262.033 only provides a waiver of immunity to "enjoin performance under a contract made by a county *in violation of this subchapter.*" *See* Loc. Gov't § 262.033 (emphasis added). Simply put, Section 262.033 does not provide a waiver of immunity for Appellants' claims because the County Purchasing Act is not applicable to Ector County's request for proposal. The same reasoning applies to Appellants' reliance upon Section 271.028. We overrule Appellants' first and second issues.

Appellants contend in their third issue that they have standing to bring this suit. This contention is responsive to an argument that Appellees' counsel orally made at the hearing on the pleas to the jurisdiction. The record does not reflect that the trial court based its decision to grant the

pleas to the jurisdiction on this argument. We do not reach this issue because of our disposition of Appellants' first and second issues sustaining the trial court's determination that it lacked subject-matter jurisdiction of Appellants' claims based on governmental immunity.

In their fourth issue, Appellants alternatively assert that Ector County's process for issuing the request for proposal constituted fraud and violations of various penal statutes. The record before us indicates that these contentions were only presented to the trial court in Appellants' motions for reconsideration of the trial court's order granting the pleas to the jurisdiction. Appellants never pleaded causes of action in the underlying action against Appellees for fraud or criminal acts. Accordingly, these matters are not germane to Appellees' pleas to the jurisdiction challenging the causes of action pleaded by Appellants. *See Miranda*, 133 S.W.3d at 226. Furthermore, Appellants have not cited any authority establishing that a private cause of action exists for claims of this type or that governmental immunity for claims of this type has been waived. Accordingly, we overrule Appellants' fourth issue.

*This Court's Ruling*

We affirm the order of the trial court.