

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

April 16, 2024

The Honorable Franklin McDonough
31st Judicial District Attorney
Post Office Box 1592
Pampa, Texas 79066

**Opinion No. KP-0462**

Re: Whether a constable may simultaneously serve as a municipal court judge
(RQ-0517-KP)

Dear Mr. McDonough:

You ask whether a constable may simultaneously serve as a municipal court judge in the same county in light of Texas Constitution article XVI, section 40, the common-law doctrine of incompatibility, and the Texas Code of Judicial Conduct.[1] In describing the issue pending in Gray County, you tell us that the Precinct 2 constable "is currently sitting" as a municipal court judge "while simultaneously fulfilling his duties" as the elected constable. Request Letter at 1. You inform us that the constable, after re-election to his third term, subsequently took "the appointed position" of municipal court judge of the City of Lefors, a municipality in Gray County. *Id.* You ask whether the constable may hold both positions and, if not, whether the constable position is vacated. *Id.* You also ask whether the constable would be disqualified from becoming a candidate in an election for a non-judicial office without first resigning from the municipal court bench. *Id.*

**Texas Constitution article XVI, section 40 prohibits a compensated municipal judge from simultaneously serving as a constable.**

We begin with the Texas Constitution. Article XVI, section 40 provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument[.]" TEX. CONST. art. XVI, § 40(a). For purposes of this provision, a "civil office" is a "public office." *Tilley v. Rogers*, 405 S.W.2d 220, 224 (Tex. App.—Beaumont 1966, writ ref'd n.r.e.). "[E]molument" under this provision means a "pecuniary profit, gain, or advantage[.]" Tex. Att'y Gen. Op. No. GA-0132 (2003) at 1 (quoting *Irwin v. State*, 177 S.W.2d 970, 973 (Tex. Crim. App. 1944)).

A compensated municipal judge holds a public office of emolument. Tex. Att'y Gen. Op.

---

[1]*See* Letter from Honorable Franklin McDonough, 31st Judicial Dist. Att'y, to Off. of the Att'y Gen. at 1 (Oct. 17, 2023), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2023/ RQ0517KP.pdf ("Request Letter").

Nos. GA-0841 (2011) at 2, GA-0199 (2004) at 2; *see also Purcell v. Carrillo*, 349 S.W.2d 263, 263 (Tex. App.—San Antonio 1961, no writ) (stating, without analysis, that the "office of City Judge of Alice . . . is a civil office of emolument"). Accordingly, a "compensated part-time municipal court judge is therefore prohibited by article XVI, section 40 from holding any other office of emolument." Tex. Att'y Gen. Op. No. GA-0841 (2011) at 2. Similarly, a constable holds a public office of emolument under article XVI, section 40. Tex. Att'y Gen. Op. No. KP-0122 (2016) at 1; *see also* TEX. CONST. arts. V, § 18 (establishing office of constable), XVI, § 61(b) (mandating that constables be paid on a salary basis). Thus, article XVI, section 40, prohibits an individual from simultaneously serving as a compensated municipal judge and a constable.

You do not in your letter provide any information about the compensation for the position of municipal judge.[2] *See* Request Letter at 1. In the event the position of municipal judge here is uncompensated, article XVI, section 40 does not bar the dual service and we must consider other law. *See* Tex. Att'y Gen. Op. No. GA-0199 (2004) at 2 (stating that an uncompensated temporary municipal judge does not hold an office of emolument).

**The State Commission on Judicial Conduct condemns the practice of a judicial officer also serving as a law enforcement officer.**

The State Commission on Judicial Conduct ("Commission") condemns the practice of a judge serving as a law enforcement officer. The Commission is responsible, in the first instance, for applying the judicial canons to specific conduct by a judge and is authorized to investigate allegations of judicial misconduct and to discipline judges. *See* TEX. CONST. art. V, § 1-a(2), (6), (8); TEX. GOV'T CODE §§ 33.002(a-1) (authorizing judicial discipline), 33.022 (authorizing investigations); *see also* TEX. CODE JUD. CONDUCT, Canons 1–8, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G, app. B.

With certain exceptions, a municipal judge is required to comply with the Code of Judicial Conduct. *See* TEX. CODE JUD. CONDUCT, Canon 6C(1) (excepting municipal court judges from Canons 3B(8), 4D(2), 4D(3), 4E, 4H, 4F, 4G, 5(3)). Judges, including municipal court judges, "shall comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." *Id.* Canon 2A. Additionally, a judge's judicial duties "take precedence over all the judge's other activities," and a judge shall conduct all "extra-judicial activities so that they do not . . . cast reasonable doubt on the judge's capacity to act impartially as a judge[.]" *Id.* Canons 3A, 4A. A judge is also prohibited from receiving compensation and expenses for extra-judicial activities where the source of the payments "give[s] the appearance of influencing the judge's performance of judicial duties or otherwise give[s] the appearance of impropriety." *Id.* Canon 4I(1).

---

[2]*See* LEFORS, TEX., CODE OF ORDINANCES ch. 1, § 1.02.003(d) (1981) (providing how the municipal judge's salary, if any, is determined).

The Commission issued a Public Statement condemning the practice of a judicial officer concurrently serving as a law enforcement officer. *See* STATE COMM'N ON JUDICIAL CONDUCT, PUBLIC STATEMENT No. PS-2000-1 (Mar. 24, 2000).[3] The Commission observed that "by attempting to fulfill the requirements of both offices, a judge severely compromises the impartiality and independence of the judicial office." *Id.* Recognizing the separation-of-powers implications of such concurrent service, the Commission stated that

> [j]udges are members of the judicial branch of our government. Law enforcement officers are part of the executive branch. Each branch is separate from, but co-equal with, the other. Therefore, the Commission concludes that any judge who attempts to serve both branches cannot accomplish the task without impairing the effectiveness of one or both positions.

*Id.* The Commission concluded that "anyone who tries to serve the public as both judge and law enforcement irrevocably undermines the public's confidence in an impartial and independent judiciary." *Id.* While this office cannot determine as a matter of law whether the municipal judge has violated any of the judicial canons and must leave that question to the Commission, it is likely that the judicial canons prohibit a municipal judge from also serving as a constable. Tex. Att'y Gen. Op. No. GA-0551 (2007) at 4; *see* TEX. CODE JUD. CONDUCT, Canons 2A, 4A(1), 4D(1). Accordingly, we cannot conclude that the dual service you describe is permissible.

### The common-law doctrine of conflicting-loyalties incompatibility prohibits a constable from simultaneously serving as a municipal judge.

The dual service you describe also implicates the common-law doctrine of incompatibility, which prohibits the simultaneous holding of two positions in certain instances. *See State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 930 (Tex. Crim. App. 1994) (providing that "[u]nder the common law, one person cannot simultaneously hold two incompatible offices"). Unlike with article XVI, section 40, the municipal judge's compensation is not dispositive to the applicability of the common-law doctrine of incompatibility. *Cf.* TEX. CONST. art. XVI, § 40 (prohibiting a person from holding or exercising at the same time "more than one civil office of *emolument*" (emphasis added)). The doctrine has three aspects: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. No. KP-0119 (2016) at 2. As neither position here appoints or employs the other, your question implicates the conflicting-loyalties aspect. *See* Tex. Att'y Gen. Op. No. GA-0786 (2010) at 2. Conflicting-loyalties incompatibility "prohibits an individual from simultaneously holding two positions that would prevent him or her from exercising independent and disinterested judgment in either or both positions." Tex. Att'y Gen. Op. No. GA-1069 (2004) at 2. This aspect does not apply unless each position constitutes an office. *See* Tex. Att'y Gen. Op. No. KP-0122 (2016) at 1. As we previously recognized, a municipal judge and a constable are both officers. *See supra* at 1–2.

---

[3] *Available at* www.scjc.texas.gov (under "Public Information" heading); *see also* TEX. CONST. art. V, § 1-a(10) (authorizing the Commission to issue a public statement during proceedings against a judge under certain circumstances when the Commission determines that the best interests of the public will be served).

Conflicting-loyalties incompatibility was first addressed in *Thomas v. Abernathy County Line Independent School District*, where the Texas Commission of Appeals held the offices of school trustee and city alderman incompatible because the relationship between the two offices created the potential for conflict. 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted). So, we consider the potential conflict between the duties of the respective offices while being mindful of the Commission's separation-of-powers concern about a judicial officer simultaneously serving in a law enforcement capacity.

A constable is a constitutional officer to whom the Legislature has given the responsibility to "attend each justice court" in the precinct and to "execute and return . . . each process, warrant, and precept that is directed to the constable . . . ." TEX. LOC. GOV'T CODE § 86.021(a), (e); *see also* TEX. CONST. art. V, § 18(a) (dividing counties into precincts and requiring the election of a constable from each).

A constable is also a "peace officer" with a general duty to "preserve the peace." TEX. CODE CRIM. PROC. arts. 2.12(2), .13(a). Generally, as a peace officer, a constable may also "interfere without warrant to prevent or suppress crime," "execute all lawful process issued to the officer by any magistrate or court," "give notice to some magistrate of all offenses committed within the officer's jurisdiction," and "arrest offenders without warrant" so the offender may be "taken before the proper magistrate or court and be tried." *Id.* art. 2.13(b). And there are specific instances in statute providing that a peace officer must appear before a magistrate. *See, e.g.*, TEX. HEALTH & SAFETY CODE § 821.022(a). The judge of a municipal court of an incorporated city or town is a magistrate. TEX. CODE CRIM. PROC. art. 2.09.

Aside from the Health and Safety Code provision cited above, we can think of other examples where a constable, as a peace officer, has general duties that may require him to appear before the municipal judge as a magistrate. Though remote, that possibility by itself renders the two positions incompatible as one person cannot appear before himself. Further, the possibility of a constable acting as a municipal judge generally illustrates the concerns raised in the Commission's Public Statement about a judicial officer serving in a law enforcement role as well as the judicial concern for potential conflict in *Thomas v. Abernathy County Line Independent School District*. STATE COMM'N ON JUDICIAL CONDUCT, PUBLIC STATEMENT No. PS-2000-1 (Mar. 24, 2000); *Thomas*, 290 S.W. at 153 (expressing concern that a person holding two offices could use one office to impose its policies on the other or subject it to control in some other way). Accordingly, a court would likely conclude that a municipal judge may not simultaneously serve as a constable.

**Consequences of the prohibited dual service.**

You also ask about the consequences of one person holding two incompatible offices. Request Letter at 1. You first ask whether the constable's position would be "considered vacated[.]" *Id.* It has long been established that when an officer accepts and qualifies for an incompatible office, he or she is deemed to have vacated the first office. *See Pirtle*, 887 S.W.2d at 930 ("Under the common law, one person cannot simultaneously hold two incompatible offices, and the general rule is that the acceptance and qualification for a second office incompatible with the first office is an implied resignation of the first office."); Tex. Att'y Gen. Op. (To Hon. R.W.

Finley, Dec. 17, 1896), 1897–1898 Tex. Att'y Gen. Biennial Rep. 69, 72 ("[T]he acceptance of the second office is a resignation of the former[.]"). Further, at least one court has determined that this common-law rule is codified in section 201.025 of the Election Code. *See City of Forrest Hill v. Benson*, 555 S.W.3d 284, 290 (Tex. App.—Fort Worth 2018, no pet.) ("If an officer accepts another office and the two offices may not lawfully be held simultaneously, a vacancy in the first office occurs on the date the person qualifies for the other office."). In sum, when the individual accepted the incompatible office of municipal judge he effectively resigned from the office of constable.

>### The judicial canons do not require the municipal judge in question to resign his municipal judicial office to become a candidate for a non-judicial office.

You also ask whether a constable would be disqualified from becoming a candidate in an election for a non-judicial office unless he first resigns the municipal court bench. Request Letter at 1. Although you ask whether the *constable* would be disqualified, given our conclusion about the effective resignation of that office upon acceptance and qualification of the office of municipal judge, we instead consider your question from the perspective of the individual, as municipal court judge.

The constitutional resign-to-run provision in article XVI, section 65 generally provides for the automatic resignation of a person who becomes a candidate for another elected office in certain circumstances. TEX. CONST. art. XVI, § 65. Article XVI, section 65 does not expressly apply to municipal judges. *See id.* § 65(a). A municipal judge whose term is longer than two years, however, is subject to the resign-to-run provision under article XI, section 11. *See id.* art. XI, § 11(a) (providing that municipal officers, elective or appointive, are subject to subsection 65(b), article XVI, when office's tenure is longer than two years). That said, the precise language of your question suggests that you are not asking about the constitutional resign-to-run provision but are instead asking about Canon 5(3) of the Code of Judicial Conduct. *See* Request Letter at 1 (asking whether the individual would "be disqualified from becoming a candidate in an election for a non-judicial office").

Canon 5(3) states that

> [a] judge shall resign from judicial office upon becoming a candidate in a contested election for a non-judicial office either in a primary or in a general or in a special election. A judge may continue to hold judicial office while being a candidate for election to or serving as a delegate in a state constitutional convention or while being a candidate for election to any judicial office.

TEX. CODE JUD. CONDUCT, Canon 5(3). Canon 6C expressly exempts municipal judges from complying with Canon 5(3). *Id.* Canon 6C(1)(e) (providing that a municipal judge "is not required to comply: . . . (e) with Canon 5(3)"). Given this clear language, Canon 5(3) does not require the municipal judge in question to resign as municipal judge to become a candidate for a non-judicial office.

**S U M M A R Y**

Texas Constitution, article XVI, section 40, prohibits one person from holding more than one office of emolument at the same time. An individual may not simultaneously serve as a compensated municipal judge and a constable.

While it is for the State Commission on Judicial Conduct to discipline judges, certain canons of the State Code of Judicial Conduct likely prevent a municipal judge from simultaneously holding a position as a law enforcement officer. In particular, the State Commission on Judicial Conduct has issued a public statement condemning the practice of a judicial officer concurrently serving as a law enforcement officer due to separation-of-powers concerns.

The common-law doctrine of incompatibility prohibits the simultaneous holding of two offices with conflicting loyalties. As a peace officer, the constable's duties could require the constable to appear before the municipal judge as magistrate, rendering the two positions incompatible. Moreover, such concurrent service implicates the concerns raised by the State Commission on Judicial Conduct. Accordingly, a court would likely conclude that a municipal judge may not simultaneously serve as a constable.

Under either article XVI, section 40, or common-law incompatibility, acceptance of a second office incompatible with the first office results in effective resignation from the first office. Thus, when the individual at issue accepted the incompatible office of municipal judge he effectively resigned from the office of constable.

A municipal judge is not required to comply with the provision in Canon 5(3) of the State Code of Judicial Conduct calling for a judge to resign from judicial office before becoming a candidate in a contested election for a non-judicial office.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee